Stanard, J.
delivered the opinion of the court.
The court is of opinion that the circuit court properly adjudged the deed of the 17th of August 1835, to be void as to the judgment creditors of Christian Sf Stratton, so that the effects of Christian Sf Stratton, embraced by that deed, remained chargeable by such judgment creditors in like manner as they would have been had the said deed not been made; and that the said court properly adjudged, between the judgment creditors, priority to Lewis Webb Sf Co., and decreed to them in part of their judgment, the proceeds of the goods of Christian Sf Stratton. The court is further of opinion that the proceeds of the furniture, crops and stocks on the plantation rented of Neville by Chaj'les Christian, John H. Christian and E. P. Stratton in partnership, were liable, in the first place, for the stipulated rent of 300 dollars, and the surplus of such proceeds to the claims of the creditors of the partnership in the tenancy, including any one of the partners who might be creditor by over advancements, or otherwise, before they could be charged by the creditors of Christian Sf Stratton, and that the payment of that rent, out of the proceeds of said furniture, crops and stocks, was properly decreed; but that the court erroneously decreed the surplus of those proceeds to the creditors of Christian Sf Stratton, in disregard of the rights of the creditors of the partnership in the said tenancy, and still more erroneously considered the creditors of Christian Sf Stratton entitled, by substitution, to charge the appellant on his bond to Neville for the rent, and subjected him to a decree in *403 favour of the creditors of Christian Sf Stratton, for an amount equal to the rent paid out of the tenants’ effects on the demised tenement, and decreed costs to Ellis, by whom the claim of substitution had been made.
The court doth, therefore, adjudge, order and decree Tiat so much of the decree as is herein declared to he erroneous, be reversed and annulled, and that the appellees Webb Co. and Ellis pay to the appellant the costs expended in the prosecution of his appeal in this court, and the cause is remanded for further proceedings, in conformity with the foregoing opinion and decree.