Staples, J.,
delivered the opinion of the court.
The court is of opinion that the appellant and the •appellees were tenants in common of the slaves in controversy, the appellant being the owner of six interests in remainder, and the appellees of three interests in remainder, and the appellant being also entitled to an estate for the life of Mrs. Susanna Alfred in the same slaves. The sale of the woman Elizabeth, and her two children by the appellant, although intended to pass the fee, could only operate to confer such title as he himself had. It may be that the appellant made said sale in good faith, supposing his title to all the interests in remainder unexceptionable; but the mistake into which he was led by his vendor could not impair the rights of his covenants, •or in any manner .affect his obligations to them. By the sale the property was placed beyond the reach of the appellees. They could not obtain possession of it at the death of the life-tenant, nor pursue their remedies against the person in possession; nor could the *84 appellant produce the slaves for partition, or for sale and division of the proceeds among those entitled.. Under the circumstances his sale must be considered as a conversion of the property, with all the liabilities, consequent upon such an act. The appellant was tberefore liable to the appellees for the value of the three interests to which they were entitled in remainder.
The court is further of opinion that the circuit court did not erf in holding that the appellant, under all the-circumstances, shall account for three-ninths of the-purchase money received by him under the sale of said slaves. At the date of said sale the woman, Elizabeth, was about twenty-two years of age, and the mother of two infant children; the three were sold for nine hundred and sixty dollars. At the death of the life-tenant in 1857, ten years afterwards, the preáumption is, that while the mother did not diminish, the children, must have increased in value. There is nothing in the record to rebut this presumption. If, as claimed by the appellant, he is only accountable for the value of the slaves at the death of the life-tenant, it was incumbent upon him to show such value by satisfactory evidence, or to produce the slaves for the benefit of those in remainder. The evidence tends to^ show that they were still alive in 1857, at the death of Mrs. Alfred, but it does not show in whose possession they were at that time, or at the time of the institution or during the pendency of this suit in the court below;, nor does it appear that the appellant made any special effort to obtain information upon these points. Without undertaking therefore now to decide whether in a case such as this the party settling is liable only for-the value at the death of the life-tenant, where that value appears, it is sufficient to say that in the absence *85 of proof upon that point the court is bound to adopt the price for which the slaves were sold as the sum with which the appellant, is to be charged in his account with his co-tenants. Kean v. Welch, 1 Gratt. 403; Cross’ curatrix v. Cross’ legatees, 4 Gratt. 257.
The court is further of opinion the circuit court did not err in entering a. decree against the appellant in favor of Haney Kelly for one-ninth of the interest in remainder in said slaves, and the proceeds of their hires. It appears that William Kelly, the husband of Haney Kelly, sold to O. J. Timberlake the wife’s interest in remainder, and died leaving the wife and the life-tenant surviving him.
The rule is well settled, that where a wife has a vested remainder in personal estate, expectant on the death of a life-tenant, and both the wife and the tenant for life outlive the husband, the wife is entitled by right of ownership to the interest in remainder, not only against the representatives and general assignees of the husband, but even against his particular assignees for valuable consideration. Henry v. Graves, 16 Gratt. 244.
The court is further of opinion, that the second clause in the will of Joseph Kennedy is not justly liable to the objection suggested by appellant’s counsel, of being too indefinite to confer upon his brother, ■Jesse Kennedy, the testator’s remainder in the property, which is the subject of controversy. That clause is as follows: “ At the death of my wife I give and bequeath unto my brother, Jesse Kennedy, all my stock and plantation utensils, and all the interests which I may have in an undivided dower estate, both real and personal.”
This language must be read in connection with the clause just preceding, in which the testator fully ex *86 plains what he means by “ an undivided dower estate;”'' x ** and manifestly shows that he refers to the land and slaves allotted to his mother for her dower in the eg^e jegge Kennedy, the father. The interest thus bequeathed to Jesse Kennedy, the brother of the testator, was by him bequeathed to Nicholas Kennedy, and was not included in the sale .made by Jesse Kennedy to O. J. Timberlake. At all events there is nothing in the record to show that it was so included. Under the will of Joseph Kennedy, as has been seen,. Jesse Kennedy was entitled to the legacy at the death of Elizabeth Kennedy, the widow of the testator. The evidence does not very clearly show her death. It appears, however, that she was a married woman as far back as 1824, and probably had been for a considerable period; that she afterwards married C. J. Timberlake, and that many years ago she, with her-husband, removed to the state of Ohio, and whether she has been since heard from does not appear.
This precise objection does not seem to have been-raised in the lower court, probably from an understanding among all parties that Mrs. Timberlake was-no longer living, and the fact could be easily established if the proof was called for. If the appellant desired or intended to raise this issue, the nature and character of the controversy required he should do so in the court below. It is too late to raise the question-for the first time in this court.
The court is further of opinion, that a cross-bill-was not necessary to a proper determination of the questions arising in connection with the claims asserted by Mrs. Nancy Kelly and Nicholas Kennedy, already adverted to. They are parties- defendant to the suit; their interests are particularly set forth in the bill; they were tenants in common with the appellant and *87 the plaintiffs, and they were simply asking their distributive shares derived by descent and bequest from a common ancestor. Their interests were involved in the issue between the plaintiffs and the appellant, with the exception of a single question of law arising upon the construction of a will in one case, and the operation and effect of a sale in the other. Under such circumstances a cross-bill would have accomplished no good, and the failure to file it has not been productive of injury or inconvenience to either party. The appellant might have raised, and with the same effect, before the commissioner any and every question which could have been presented in an answer to a cross-bill.
The court is further of opinion, that if it could be properly held the appellee’s primary remedy is against C. J. Timberlake, it appears that he left this state many years ago, and if alive is still a resident of a distant state. It is not shown, it is not even suggested, that he has or had any estate subject to the jurisdiction of the courts of the commonwealth.' It was therefore unnecessary to make him a party to the suit, or to ask any decree against him before proceeding against the appellant.
The court is therefore of opinion, for the reasons stated, there is no error in the decree of the circuit court, and that the same must be affirmed.
Decree aeeir'med.