| 67 | 65 |
| 81 | 680 |

</div>

---

## EWING, JEWETT & CHANDLER v. FOLSOM ET AL.

1. **Mechanic's Lien:** FILING OF: EVIDENCE OF CLERK'S SIGNATURE. The claim for a mechanic's lien in this case was marked filed, over the signature of one who appeared from a jurat attached and belonging to the same paper to be the clerk of the district court. *Held* that it appeared, at least *prima facie*, that the person who marked the paper as filed was the clerk of the district court.

2. ———: SUB-CONTRACTOR: NOTICE FILED AFTER THIRTY DAYS: RECOVERY LIMITED TO AMOUNT DUE. By the agreement between the owner and the contractor, a claim which the former held against the latter was to be allowed as a payment on the last installment to be paid under the contract. The sub-contractor's claim for a lien was filed more than thirty days after the last item in his account. *Held* that he could

recover only what remained due from the owner to the contractor, after deducting the claim aforesaid. Miller's Code, § 2134.

*Appeal from Polk Circuit Court.*

SATURDAY, SEPTEMBER 26.

ACTION in chancery to enforce a mechanic's lien. There was a decree granting the relief prayed for by plaintiffs. Defendants Hale and wife appeal.

*T. F. Stevenson* and *J. B. Johnson*, for appellants.

*Smith & Morris*, for appellees.

BECK, CH. J.—I. The defendant Folsom, who is a builder, entered into a contract with defendant Hale to erect a dwelling-house upon land owned by Hale's wife, who is also made defendant. Folsom obtained of plaintiffs lumber used in the building, and, about ninety days after the date of the last item of the account therefor, plaintiffs filed their claim for a lien in the office of the clerk of the district court.

II. Appellants first insist that the evidence fails to show that the claim for the lien was filed in the office of the clerk of the district court. The claim itself is in evidence, and shows by the signature of the clerk that it was filed. But defendants claim that there is no evidence showing that the person signing the certificate of filing was the clerk of the district court. The jurat to the affidavit made to the claim shows that the person making the certificate was the clerk of the district court. The official character of this person is not questioned in the pleadings or proof. Nor was any objection on this ground made in the court below. The certificate indorsed upon the claim shows, at least *prima facie*, that the person making it was the clerk of the district court.

1. MECHANIC's lien: filing of: evidence of clerk's signature.

III. It is also insisted that the claim filed by plaintiffs does not show that plaintiffs are entitled to a lien. We think

differently. It shows a contract between Hale and Folsom for building the house, the purchase by him of the lumber to be used in building the house, and that it was furnished by plaintiffs. We think it sufficiently shows the use of the lumber in building the house. Other objections to the claim for a lien are equally groundless, and require no attention.

IV. The preponderance of the evidence shows that, at the time the building contract was entered into, Folsom agreed to regard as payment upon the last installment to be received by him for the work an account for professional services rendered to him by Hale, who is a physician. The statute provides that a sub-contractor who files his claim for a lien after the expiration of thirty days from the day the last of the materials were furnished may enforce his lien for the balance due from the owner of the property to the contractor. Miller's Code, § 2134.

2. ——— : subcontractor : notice filed after thirty days: recovery limited to amount due.

The parties to the building contract having agreed that the account for medical services should be credited upon the last installment due Folsom, it was payment thereon *pro tanto*. Surely, parties to a contract may agree at any time what shall be regarded as payment thereon, and such agreement is not to be regarded as varying the original contract. A contract may provide for payment in money or property. If the parties agree at any time that payments may be made differently, this is not a variance of the contract; it is simply an agreement for making and accepting payment; it is an accord as to the performance of the contract. As the parties had settled by agreement that the account for medical services should be deducted from the last installment to be paid Folsom, the sum due him was the amount remaining after deducting the account from the sum remaining unpaid under the contract. The plaintiffs are entitled to a lien for no greater sum. The evidence shows that there is due Folsom from Hale $115 after deducting the account for medical services. This is established by the testimony of both Hale and

Folsom. The lien of plaintiffs for that sum ought to be established.

There is a question made by appellants as to the correctness of the decree of the circuit court in providing for the payment of the costs out of the proceeds of the property realized from the sale under the decree. The appellants, having in their answer offered to pay the amount found due from them in this opinion, ought not to pay any costs in this action. The question as to the correctness of the provision of the decree as to the costs need not, therefore, be considered.

The decree of the circuit court will be reversed, and the cause will be remanded to the circuit court for a decree in harmony with this opinion; or, at the option of either appellants or appellees, such a decree may be rendered in this court.

REVERSED.