Statement.

## Staunton.

ROBINETT'S ADM'R v. ROBINETT'S HEIRS.

SEPTEMBER 19, 1895.

1. ADMINISTRATORS—*Ex Parte Accounts—Bill to Surcharge and Falsify.*—
   Upon a bill filed to surcharge and falsify the *ex parte* accounts of an
   administrator which have been duly confirmed by the County Court,
   the *ex parte* accounts should be treated as correct and conclusive as
   to all matters included therein, except so far as shown by evidence
   to be incorrect.
2. CHANCERY PRACTICE—*Commissioner's Report—Exception.*—Exceptions
   to the report of a commissioner, of accounts settled by him, should
   specify with reasonable certainty the grounds of the exception. But
   an exception which points out the particulars in which the commis-
   sioner has failed to obey the order under which he is acting, or which
   shows wherein the account is settled on a wrong principle, is suffi-
   ciently specific.

Argued at Wytheville.   Decided at Staunton.

Appeal from a decree of the Circuit Court of Bland county,
pronounced April 13, 1891, in a suit in chancery wherein the
appellees were the complainants, and the appellant and
others were the defendants.

*Reversed.*

The opinion states the case.

*James A. Walker* and *Martin Williams*, for the appellant.

*William N. Harman*, for the appellees.

CARDWELL, J., delivered the opinion of the court.

This cause was decided at the June term, 1894, of this court, at Wytheville, Judge Fauntleroy delivering the opinion (19 S. E. R. 845). A re-hearing was allowed, and the cause was again argued and submitted at the recent term at Wytheville, and we are unable to concur in the opinion of the court rendered at the former hearing.

James Robinett qualified in the County Court of Bland county, at its November term, 1865, as administrator of the estate of his deceased son, Jezreel Robinett, and made three settlements of his accounts as such administrator before one J. H. Hoge, a commissioner in chancery, who had been designated or appointed, according to law, assistant commissioner of accounts for the County Court of Bland. The last settlement was made by the administrator March 1, 1879, showing a balance of principal due from the estate to the administrator of $1,478.61, and this settlement, as well as all prior settlements, was duly reported to the County Court of Bland county, and was by that court approved and confirmed. In October, 1885, the heirs of Jezreel Robinett, deceased, filed their bill of complaint, and later, an amended bill, in the Circuit Court of Bland county, against James S. Robinett, as administrator of James Robinett, who had died, and others, the object of said bills being to surcharge and falsify the accounts of James Robinett as administrator of Jezreel Robinett, deceased, which had been settled and confirmed by the court, as before stated, and to have the accounts re-stated and finally settled. The defendant, James S. Robinett, administrator of James Robinett, deceased, demurred to and answered the original bill; and the cause coming on to be heard at the November term of the Circuit Court, 1886, a decree was made setting forth that the complainants were entitled to have final settlement of the accounts of James Robinett, as

administrator of Jezreel Robinett, deceased, and to this end
ordered that C. P. Muncy, who was appointed a commissioner
for the purpose, should state and settle the account, and
directing Commissioner Muncy to "take as the basis of his
settlement the *ex parte* settlement made by James Robinett
before the commissioner of accounts, and modify the same so
far only as the proof before him was sufficient to change said
settlements as to the items of surcharge and falsification set out
in the bill, or as to other items that may be set out by state-
ment in writing filed before him by the complainant or
defendant, so as to give either party notice thereof, and the
same sustained by evidence." Commissioner Muncy, in exe-
cution of this decree, and after considerable delay, made his
report, and returned it to court with the evidence and
vouchers upon which it was based, whereby a balance of
$1,410.76 is shown to be due to the complainants from James
Robinett, administrator of Jezreel Robinett, deceased, as of
the 1st of March, 1890, instead of a balance in favor of the
administrator, as shown by his former settlement. To this
report the administrator of James Robinett, deceased, filed
a number of exceptions. At the April term, 1891, the Cir-
cuit Court overruled these exceptions and confirmed the
report of Commissioner Muncy, and decreed to the com-
plainants the sum of $1,410.76, shown by said report to be
due to them, with interest from March 1, 1890, till paid, and
the costs of this suit. From this decree an appeal was allowed
the administrator of James Robinett, deceased, to this court.

The report of Commissioner Muncy discloses the fact that
there were no transactions by James Robinett as adminis-
trator of Jezreel Robinett, deceased, after the settlement of
his last account before Commissioner Hoge, March 1, 1879,
which account, as we have seen, was duly confirmed by the
County Court of Bland county; hence this balance found
against him by Commissioner Muncy was arrived at by

re-stating all the accounts of the administrator settled before Commissioner Hoge, and the rejection by Commissioner Muncy of such vouchers as he thought should not have been allowed the administrator in his former settlements.     It also clearly appears that Commissioner Muncy, in reaching the results reported by him, has totally disregarded the directions of the court given in the decree referring this cause to him to settle a final account of the transactions of James Robinett as administrator of Jezreel Robinett, deceased, and has treated the settled accounts as *prima facie* wrong instead of *prima facie* correct.   These accounts settled by Commissioner Hoge, and duly confirmed by the County Court of Bland county, should have been treated as correct and conclusive as to all matters included therein, except in so far as the evidence adduced before Commissioner Muncy showed them to be incorrect.    Code of Va., sec. 2699 ; *Carter* v. *Edmonds*, 80 Va. 58, and cases cited.

The exceptions filed by James Robinett's administrator to the report of Commissioner Muncy in the court below are as follows :

" 1st. Though called a report, it is but an argument, not sustained by facts, law, or reason.

" 2d. The report and settlement is not made upon proper or legal principle, if the data on which its assumptions are based really existed as assumed.

" 3d. There is absolutely no testimony whatever, verbal or written, in the case, that warrants the commissioner in any way in disturbing the *ex parte* settled accounts of the administrator, James Robinett ; and his assuming to do so in this case, in violation of law, without evidence, after the long lapse of time and death of Administrator James Robinett, deceased, makes his conclusions simply monstrous.

" 4th. The commissioner, instead of taking the *ex parte*

settlements as *prima facie* correct, and valid and binding, as the law and chancery practice prescribes, counts the said settled accounts as *prima facie* wrong, and proceeds to take up each voucher, and item by item to pass judgment upon them, without any testimony whatever to support his conclusion, and reject such of said vouchers and items as seem to him to be wrong. This is in violation of all well-settled principles governing such settlements.

"5th. The report is wrong and contrary to law in every particular. It is excepted to as a whole, and to every part of it. The testimony in the case, instead of impeaching, fully sustains the *ex parte* settlements in every particular."

The contention of appellees here is that these exceptions are not sufficient, because too general in their nature; and that, for this reason alone, they should have been overruled by the court below. It is true that exceptions to a commissioner's report should specify, with reasonable certainty, the particular grounds of objection relied on, so as to enable the opposing party to see clearly what he has to meet, and the court what it has to decide. *Crockett* v. *Sexton*, 29 Gratt. 46; *Simmons* v. *Simmons*, 33 Gratt. 457; *Morrison* v. *Householder*, 79 Va. 627; *Ashby* v. *Bell*, 80 Va. 811; *Cralle* v. *Cralle*, 84 Va. 201, and authorities cited. This rule is as well established in Virginia as the rule that fiduciary accounts, regularly settled and confirmed by the court having jurisdiction, are to be treated as correct until shown by proper testimony to be incorrect; but, observing this rule strictly, the exceptions to Commissioner Muncy's report must be held sufficient. They clearly point out to the court that the commissioner has fallen into the error of disregarding the directions of the court to treat the former accounts of the administrator, James Robinett, as correct, and to modify the same so far only as the proof before him should

be sufficient to change them, &c., and the exceptions are
sufficient to bring up for the consideration of the trial court
the question as to whether the evidence adduced before Com-
missioner Muncy was sufficient to warrant him in disturbing
the *ex parte* settlements formerly made by the administrator.
The exceptions being sufficient, the question remains whether
the evidence returned with the report of the commissioner
justified him in disturbing the former accounts of the admin-
istrator, James Robinett. As the commissioner himself says
in his report, " a considerable part of the testimony has but
very little bearing in the case," and, as it is manifest that the
exceptions to his report should have been sustained and the
report recommitted by the Circuit Court, we deem it un-
necessary to discuss this evidence at length. To our mind
the evidence was not sufficient to justify the commissioner in
the changes that he made in the account formerly settled by
Commissioner Hoge, and duly confirmed, as we have seen,
by the County Court of Bland.

For the foregoing reasons, we are of opinion that the Cir-
cuit Court of Bland county erred in overruling the excep-
tions taken by appellant to the report of Commissioner
Muncy of March 26, 1890, and in confirming said report.
Therefore, its decree of April 11, 1891, must be reversed
and annulled, and this cause will be remanded to the Circuit
Court, to be by it recommitted to Commissioner Muncy, or
to some other commissioner of the court, for the purpose of
stating and settling the final account of the transactions of
James Robinett, as administrator of Jezreel Robinett, in ac-
cordance with the decree of the Circuit Court entered in this
cause at the November term, 1886, and in accordance with
this opinion.

*Reversed.*