# Wytheville.

## MADDOCK'S ADMX. V. SKINKER & OTHERS.

### JULY 30, 1896.

#### Absent, Harrison, J.

1. APPELLATE COURT—*Amount in Controversy*—The amount in controversy in the case at bar is the whole amount of a judgment against a partnership of which appellant's intestate was a member, which being in excess of five hundred dollars, this court has jurisdiction of the appeal.

2. COMMISSIONER'S REPORT—*Prima facie correct—Returning Evidence with Report.*—The report of a master commissioner is to be taken as *prima facie* correct, except for errors apparent on its face, and those who seek to impeach it must, in some appropriate manner, put into the record the evidence of its incorrectness. Unless directed or requested to return the evidence with his report it is not the duty of the commissioner to do so.

3. PARTNERSHIP ASSETS—*Separate Interest of Parties.—How far Liable for Debts of Each Partner.*—Partners are joint tenants of the partnership property. The interest of each partner is his share of the surplus after the payment of partnership debts and the adjustment of accounts between the partners. This interest and no more is liable to the lien of an execution against such partner. If inequalities exist amongst the partners, these should be settled out of the partnership assets, and the share of each partner, after such settlement, is all that can be reached by his execution creditor.

Appeal from a decree of the Hustings Court of the city of Roanoke, pronounced October 19, 1891, in a suit in chancery wherein J. H. Skinker was the complainant, and Maddock's administratrix and others were the defendants.

*Reversed.*

This was a suit in chancery instituted by the appellee, J. H. Skinker, for the purpose of ascertaining the interest of George M. Evans in the partnership of Maddock & Evans, and subjecting the same to the payment of an execution which complainant held against said Evans. The bill charged that George M. Evans was a member of the firm of Maddock & Evans ; that there was a fund of several thousand dollars in the hands of certain attorneys in Roanoke which belonged to the firm, and that J. M. Gambill & Company had a debt against the firm, but not enough to consume the assets of the firm. The prayer of the bill was that the affairs of the partnership might be wound up under the direction of the court, and the interest of the said Evans therein ascertained, and, when ascertained, subjected to the payment of the complainant's execution, and any other executions there might be against him, in the order of their priority. The case was referred to a commissioner to take an account, and he reported the debt of J. M. Gambill & Company, amounting to $939.03, as a liability of the firm, and to be first paid out of the assets. Maddock's administratrix excepted to this report on the ground that the debt of Gambill & Co., was a personal debt of Evans, and should be paid out of his share of the assets of the firm, and not out of the firm assets. Objection was further made on the ground that the commissioner had allowed the debt of Gambill & Co., "on a judgment, without any proof of such a judgment against the firm of Maddock & Evans," and also on other grounds. The commissioner who took the account stated in his report that his conclusions were arrived at from the evidence of certain witnesses, whose depositions were returned with the report, "and from the records in the clerk's office of your Honor's court." The Hustings Court overruled the exceptions, and entered a decree directing the Gambill debt to be paid in full out of the partnership assets, and the residue of the partnership assets to be divided in

two equal parts, one of which was to be paid to Maddock's administratrix, and the other applied so far as need be to the payment of certain executions against George M. Evans which are set out in the decree. From this decree the present appeal was taken.

*S. Griffin,* for the appellant.

*Robert E. Scott,* for the appellees.

RIELY, J., delivered the opinion of the court.

A motion was made by the appellees to dismiss the appeal on the ground that the matter in controversy is merely pecuniary, and, exclusive of costs, is less in value or amount than five hundred dollars. The matter in controversy, however, is the entire amount of the judgment claimed by J. M. Gambill & Co., which, inclusive of principal and interest, amounted at the date of the decree to $951.79. The appellant controverted it wholly as a liability of the late firm of Maddock & Evans, but the court established it against the partnership for the full amount. It appearing that certain attorneys, who were parties to the suit, were indebted to the firm of Maddock & Evans, for moneys collected, in the sum of $2,196.93, the court decreed that they pay to Gambill & Co. the amount of their debt; and dividing the residue of the indebtedness into two equal parts, it decreed that they pay one of these parts, which amounted to the sum of $622.57, to Jean W. Maddock, the appellant, as administratrix of Frank Maddock, deceased. It was, therefore, contended by the appellees that the only amount in controversy is the difference between $622.57 and one half of $2,196.93, the amount due from the attorneys, to-wit, the sum of $476.90. But this is not correct. The court, by its confirmation of the report of the commissioner, established

the entire amount of the judgment claimed by Gambill & Co., and thereby fixed the liability for it upon the individual estate of the appellant's intestate as well as upon the late firm of Maddock & Evans, of which he was a member. No part of the judgment has been paid, and if it should happen that it be not paid by the attorneys, the estate of Frank Maddock, deceased, would remain liable for the whole $951.79. And it is this amount, which constitutes the matter in controversy upon the appeal.

The first assignment of error is the bare statement that it was error for the court to confirm the settlement of the partnership accounts, because the same was without sufficient evidence to sustain it. Neither in the petition for the appeal, nor in the oral argument, did counsel indicate in what respect the evidence was insufficient to sustain the settlement made by the commissioner. It is in accordance with the evidence, and this assignment of error need not be further considered.

The appellant excepted to the report of the commissioner because he allowed the claim of Gambill & Co. as a subsisting judgment against Maddock & Evans without any proof (it was alleged) that there was such a judgment against the firm, and because the evidence showed that if any debt was due, it was the personal debt of Evans, and not a debt of the firm. The court overruled the exception, confirmed the report, and decreed, as we have seen, the payment of the judgment out of the assets of the firm. This action of the court constitutes the only other assignment of error.

It is to be observed that the exception did not deny that there was such a judgment, but simply claimed that it was allowed without any proof. The report of the commissioner was made in obedience to the decree of the court, and except for error apparent on its face, it was to be taken as *prima facie* correct, unless steps were taken to place before the court the evidence on which it was based, or it was shown

by the deposition of the clerk of the court in which the judg-
ment was alleged to have been recovered, or otherwise, that
there was no such judgment. This was not done. The
commissioner stated that his report was made up from cer-
tain depositions, and " from the records of the clerk's office
of your Honor's court." It does not appear that he was
directed by the court, or requested by the appellant, to return
the evidence on which he reported the judgment. It was
not his duty to do so, unless so directed or requested; and,
the appellant not having taken steps to bring the evidence
before the court, it could not review the finding of the com-
missioner, and the exception could not avail her. *Shipman*
v. *Fletcher*, 91 Va. 473, 478; *Saunders* v. *Prunty*, 89 Va. 921;
and *Bowden* v. *Parish*, 86 Va. 67.

It appears from the deposition of J. M. Gambill, that
Evans, on account of his indebtedness to the firm of Mad-
dock & Evans for certain mules, carts and tools belonging to
it, had assumed to pay the debt to Gambill & Co., and that
he and Maddock approached the latter with the view of
having them release Maddock from the debt on condition
that Evans would secure the debt by a deed of trust on the
said property, which was worth about $2,000. Gambill &
Co. agreed to do so, upon the condition being complied with.
Evans returned the next day and declined to give the deed
of trust. The desired release was for the benefit of Mad-
dock, and the duty was upon him, and not upon Gambill &
Co., to see that Evans complied with the condition on which
they had consented to release him. As Evans refused to
secure the debt by deed of trust, the firm of Maddock &
Evans continued liable for it.

The evidence establishes, however, that Evans was in-
debted to the partnership for the mules, carts, and tools, and
that he had assumed, on account of such indebtedness, to
pay the judgment of Gambill & Co. The partners evidently
considered that the interest of Maddock in the property was

at least equal to the amount of the judgment, and it clearly appears that the share of Evans in the undivided assets is sufficient to discharge it. If the judgment has now to be paid out of the assets belonging to the firm, as it must be, then Evans should be charged in a proper settlement of the partnership, with such an amount for the mules, carts, and tools as would make the interest of Maddock therein equal to the judgment, or which is the same thing, and prevents circuity, the estate of Maddock should receive out of the assets of the firm, after the payment of the judgment, a sum equal to the amount of the judgment, so as to adjust properly the accounts of the partners with the partnership and between themselves, before there is any division of the assets between the partners.

It was not questioned that ordinarily this would be the proper course, but it was contended that inasmuch as individual creditors of Evans had obtained judgments against him and sued out executions, they thereby acquired a lien on the share of Evans in the assets of the partnership remaining after the payment of the debts of the firm superior to the right of Maddock to have such settlement of the accounts between the partners and a distribution of the assets in accordance therewith.

Partners are joint tenants of the property of the partnership. Neither partner has an exclusive right to any part of the property until all of the debts of the partnership are paid, including the debts which may be due from the partnership to either of the partners. The interest of each partner in the property of the partnership is his share of the surplus after all the firm debts are paid and a balance of accounts is struck between the partners. It is thus that his interest is ascertained. And it is only this interest, so ascertained, that is subject to the lien of the execution or attachment of an individual creditor. The law does not permit the separate creditor to obtain more than the partner, who

is his debtor, is entitled to.     *Christian* v. *Ellis*, 1 Gratt. 396;
*Digg's Admr.* v. *Brown*, 78 Va. 295; *Shackelford's Admr.* v.
*Shackelford et als.*, 32 Gratt. 481; *Taylor* v. *Fields*, 4 Vesey 396;
*Dutton* v. *Morrison*, 17 Vesey 193; *Nicoll* v. *Mumford*, 4 Johns.
Ch. 522; *Buchan* v. *Sumner*, 2 Barbour Ch. 165; S. C., 47
Amer. Dec. 305; *Menagh* v. *Whitwell*, 52 N. Y. 146; *Phillips* v.
*Cook*, 24 Wend. 389; *Pierce* v. *Jackson*, 6 Mass. 242; *U. S.* v.
*Hack*, 8 Peters 271; *Maxwell, Campbell, Tingle & Co.* v. *City
of Wheeling*, 9 West Va. 206; *Sirrine* v. *Briggs*, 31 Mich. 443;
and *Smith* v. *Evans*, 37 Ind. 526. See also Story on Partner-
ship, secs. 261–63, and 311; 2 Collyer on Partnership (6
edit.), sec. 793 and notes thereto; 1 Barton's Ch. Pr., 618–19;
3 Minor's Institutes (2 edit.), Pt. 2, p. 692.

In *Pierce* v. *Jackson, supra,* Parsons, C. J., said: "At com-
mon law, a partnership stock belongs to the partnership, and
one partner has no interest in it, but his share of what is re-
maining after all the partnership debts are paid, he also ac-
counting for what he may owe the firm.     Consequently all
the debts due from the joint fund must first be discharged,
before any partner can appropriate any part of it to his own
use, or pay any of his private debts; and a creditor to one of
the partners cannot claim any interest, but what belongs to his
debtor, whether his claim be founded on any contract made
with his debtor, or on a seizing of the goods on execution."

In *Nicoll* v. *Mumford, supra,* Chancellor Kent said: "The
interest of each partner is his share of the surplus, subject
to all partnership accounts; and that interest, or surplus
only, is liable to the separate creditors of such partner,
claiming either by assignment or under execution."

In *Menagh* v. *Whitwell, supra,* Rapallo, J., said: "Partnership
effects cannot be taken by attachment or sold on execution
to satisfy a creditor of one of the partners, except to the ex-
tent of the interest of such separate partner in the effects,
subject to the payment of the firm debts and settlement of
all accounts."

In *Atkins* v. *Saxton,* 77 N. Y. 195, 199, the same judge, discussing the right of a purchaser of the interest of a partner in partnership property at a sale under an attachment or execution against such partner for his individual debt, said: " He takes it subject to the rights of the copartners of the debtor, and the creditors of the firm, and subject to an accounting which may disclose that he derived no beneficial interest from his purchase. All that he can ultimately obtain is the debtor's share of such surplus as may remain after payment of the firm debts and the adjustment of the accounts of the partners as between themselves."

And in *Haynes* v. *Knowles,* 36 Mich. 407, 410, Campbell, J., said: " The partner not sued cannot on any principle of justice be placed in any worse condition by a creditor of the partner than he could have been by his own partner."

It was error, therefore, in the Hustings Court to distribute any part of the share of Geo. M. Evans in the undivided assets of the partnership remaining after satisfying the judgment of Gambill & Co. to the separate creditors of Evans until the payment of a sum equal to the amount of the judgment had been decreed to the estate of Maddock, to which sum he was entitled, according to the evidence, out of the firm assets on account of the indebtedness of Evans to the partnership, and which the latter in the lifetime of Maddock had assumed to pay.

Its decree must, therefore, be reversed, and the cause remanded to the said court, with directions to distribute the moneys in the hands of the said attorneys upon the principles herein declared.

*Reversed.*