# Richmond.

## HALL AND OTHERS v. HALL AND OTHERS.

### January 18, 1906.

1. EQUITY—*Account of Debts—Issue as to Payment—Decree that Debt is Fradulent—Matters outside of Issue.*—While the validity of any demand preferred against the estate of a decedent may be controverted without pleadings and in an informal way before the commissioner charged with taking a general account of indebtedness of the estate, still where no issue is raised by the pleadings, or upon the report of the commissioner, except as to the payment of a particular debt, it is not competent for the court to declare the debt fradulent and without consideration. The creditor could not have anticipated such a defense, and has had no opportunity to contest it.

2. EQUITY—*Master's Report—Weight—Conflicting Evidence.*—Where a commissioner returns with his report, involving controverted questions of fact, the evidence upon which it is based, the court will, upon exceptions, review and weigh the evidence, and, if not satisfied with the commissioner's conclusion will over-rule his findings; but the report, except as to errors apparent on its face, is taken as *prima facie* correct, and, where the evidence is conflicting, this court will not disturb the action of the trial court in overruling exceptions thereto unless the findings of the commissioner are clearly erroneous.

Appeal from a decree of the Circuit Court of Buckingham county, confirming the report of a master in chancery disallowing a debt sought to be established by the appellants against the estate of Thomas S. Hall, deceased.

*Reversed.*

The opinion states the case.

*Beasley & Moon,* for the appellants.

*Jno. R. Moss* and *S. S. P. Patteson,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

This is a suit in equity brought by appellants, who are heirs at law and distributees of Thomas S. Hall, deceased, against the other heirs and distributees, and the widow and administrator of the decedent, for the settlement of his estate.

The cause was referred to a commissioner in chancery to take the usual accounts; and, among other demands asserted against the estate, there were certain debts secured by a deed of trust due to William C. Hall, father of the grantor, Thomas S. Hall, deceased, and assigned by him to his grandchildren, who were the children of the said intestate.

The commissioner reported that these debts had been paid in full, and the appellants excepted. Subsequently, without passing upon the exceptions, the report was recommitted to the commissioner for supplemental inquiry; but no steps were taken before him upon the resubmission, and no further report was made with respect to the claims in question; but the parties took additional evidence elsewhere.

The cause was heard upon the report of the commissioner, the exceptions, and the depositions of witnesses; and the court passed the decree under review, which adjudged appellants' deed of trust and the debts secured "fraudulent and without consideration," and confirmed the report of the commissioner.

No issue was raised by the pleadings in regard to the deed of trust, and none upon the commissioner's report, save by the exception of appellants to the finding that the debts had been paid. Nevertheless, the court, by the decree complained of, rejected appellants' demand, on the theory that the deed of trust was "fraudulent and without consideration."

There is no warrant, under the equity practice which obtains in this jurisdiction, for such procedure. As observed, there was no issue made, either by the pleadings or before the commis-

sioner, that the deed of trust was fraudulent, and the debts secured without consideration, and, consequently, appellants could not have anticipated such defense, and were afforded no opportunity to contest the grounds upon which the court rested its decree. It is settled practice in this class of cases that the validity of any demand preferred against the estate of a decedent may be controverted without pleadings and in an informal manner, before the commissioner to whom a general account of indebtedness of the estate is referred. *Conrad* v. *Fuller,* 93 Va. 16, 34 S. E. 893.

In that case, at page 20, the court says: "After a decree for a general account in a creditor's suit . . . all the other creditors may come in under the decree and prove their debts before the commissioner to whom the cause is referred. *Simmons* v. *Lyles,* 27 Gratt. 922, 929; *Piedmont, &c., Ins. Co.* v. *Maury,* 75 Va. 508; *Beverly* v. *Rhodes,* 86 Va. 415, 8 S.E. 572; 1 Bar. Chy. Pr. (2nd Ed.), 286, and *seq.* . . . The practice in some parts of the State, following the English rule, is to require the creditor coming in under a decree to prove a claim against the estate of a decedent to accompany it with an affidavit that the debt remains due. Such affidavit is not intended as evidence before the commissioner in proof of the debt, and must not be so considered. It puts the claimant upon his conscience as to the *bona fides* of his claim, and thus frequently protects the decedent's estate from paying debts which have already been paid. 2 Daniel's Chy. Pr. (5th Ed.) 1209; *Flading* v. *Winter,* 19 Vesey 199; *Morris* v. *Mowatt,* 4 Paige, 142."

In such case, however, the parties are given full opportunity to produce evidence for and against the debt, and to be heard before the commissioner, whose report upon exception is subject to review by the court. The principle is well settled, that where a commissioner returns with his report, involving controverted questions of fact, the evidence upon which it is based,

the court will, upon exceptions, "review and weigh the evidence, and if not satisfied that the commissioner has reached a right conclusion will overrule his finding." *Shipman* v. *Fletcher,* 91 Va. 473, 22 S. E. 458.

But the report, except as to errors apparent on its face, is *prima facie* correct, and where the evidence is conflicting the appellate court will not reverse the action of the trial court overruling an exception to the report and confirming it, unless the findings of the commissioner are clearly erroneous. *Maddock's Admx.* v. *Skinker,* 93 Va. 479, 25 S. E. 535; *Triplett.* v. *Woodward,* 98 Va. 187, 35 S. E. 455; *Kent* v. *Kent,* 2 Va. Cas. 674.

The exceptions to the report partake of the nature of special demurrers, and serve to direct the attention of the court, with reasonable certainty, to the specific points of controversy. *Robinett* v. *Robinett,* 92 Va. 124, 22 S. E. 856.

A comprehensive monographic note on the general subject of commissioners in chancery will be found appended to the case of *Whitehead's Admr.* v. *Whitehead,* 23 Gratt. (Va. Repp. Ann.), 554.

The evidence in this case has received careful consideration and fails to sustain any of the grounds of objection alleged against the validity of appellant's demand. Indeed, it was admitted by counsel for the appellees, in the argument of the case before us, that there was *no evidence* to justify the report of the commissioner, that the debts had been paid; and even if the question of fraud had been properly raised, the evidence is clearly insufficient to sustain it.

For these reasons, the decree of the Circuit Court must be reversed, and the cause remanded with directions that the deed of trust, so far as the debts of appellants are concerned, be established as a subsisting lien upon the real estate thereby conveyed, and for further proceedings to be had therein.

*Reversed.*