Staunton.

HOWARD, ADMINISTRATOR, &C., V. GOSE AND OTHERS.

September 14, 1911.

1. EQUITY—*Commissioner's Report—Weight Given To—Review of Findings.*—Where the evidence is returned with a commissioner's report, this court will review and weigh it, and, if not satisfied that the commissioner has reached a right conclusion, will overrule his finding or findings, but, except as to errors apparent on its face, the report is *prima facie* correct, and where the evidence is conflicting, this court will not reverse the action of the trial court overruling an exception to the report and confirming it, unless the finding of the commissioner is clearly erroneous.

2. EQUITY—*Commissioner's Report—Recommittal.*—It is not error to refuse to recommit an account to a commissioner to be stated more in detail and by items, where the commissioner states in his report that he has been unable to do this from all the evidence before him, and it does not appear that a more detailed statement of the account could have been made, or that anything could have been gained by the recommittal.

3. COSTS—*Receivers—Failure to Keep Accounts or Settle.*—Where a court receiver has failed to keep an accurate and itemized account of his transactions as receiver, has failed to make any report of his transactions, and, when called upon by rule, has filed an account which was inaccurate and showed a much less balance in his hands than was subsequently found to be due by him on reference of his account to a commissioner, he should be made to pay the costs of the reference, except what would have been a reasonable charge for stating his account in answer to the rule.

4. RECEIVERS—*Compensation—Case in Judgment.*—Where a receiver has acted in good faith in the performance of his duties, and has managed the trust with reasonable success, he is entitled to reasonable compensation for his services, although he did not keep his accounts as carefully as he might have done. In the case in judgment, the receiver was allowed five *per cent.* on the fund which passed through his hands, which was the usual and reasonable allowance for his services.

Appeal from a decree of the Circuit Court of Russell county.  From the rulings of the trial court on exceptions to the report of the commissioner settling the account of a receiver, complainants appeal.

*Amended and affirmed.*

The opinion states the case.

*W. W. Bird,* for the appellant.

*S. B. Quillen* and *Routh & Routh,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

The errors assigned in the petition for appeal are based upon the action of the court in passing upon exceptions to a commissioner's report settling the accounts of J. E. Duff as receiver in the cause.

In the year 1905 Jack Carter entered into an agreement with W. H. Gose and J. J. Campbell, by which he sold them a certain boundary of timber for the sum of $3,000.  Of this sum $1,000 was paid in cash, and the residue was to be paid in eighteen months from the date of the contract.  A lien was reserved upon the timber to secure the payment of the deferred purchase price.  The vendees were to have two years within which to remove the timber from the land.  After removing the larger and more valuable part of it, the purchasers became insolvent and unable to complete their contract.  The rights of the vendor being endangered by litigation by other creditors, he, in July, 1906, brought this suit by which the vendees were enjoined from further disposition of the timber or unsold lumber manufactured therefrom, and by consent of parties the said Duff was appointed receiver and directed "to take charge of the tan bark, manufactured lumber and fallen logs mentioned

70

in the bill, and make the best available sale he can of such properties as are ready for market, and . . . to proceed to manufacture all unmanufactured logs and timber mentioned and described in the contract between the complainant, Jack Carter, and W. H. Gose and J. J. Campbell as speedily as possible and make sale of the same to the best advantage of all parties in interest."

At the July term, 1907, the receiver not having made any report of his action, upon motion of the complainant a rule was awarded against him to show cause why he had not made and filed a report of his doings as receiver, returnable to the next term of the court. Before the November term of the court following, the defendant Gose had died, and at that term an order to revive the cause in the name of his personal representative was made. In February, 1908, the receiver filed a settlement of his accounts made by the commissioner of accounts of the court. This report was excepted to by the complainant; but without passing upon the exceptions the court, upon motion of the complainant, directed one of its commissioners to cause the receiver to come before him and make a full and complete settlement of his receivership accounts.

Upon the coming in of that report the complainant filed twelve exceptions, and the receiver four, all of which except the complainant's exception numbered eleven and the receiver's exceptions numbered one, three and four were overruled, and a decree entered amending and confirming the commissioner's report. From that decree this appeal was taken by the complainant's personal representative.

The appellant insists that the court erred in not sustaining each and all of his exceptions to the commissioner's report and in not overruling all the exceptions of the receiver.

The appellant's exceptions to the commissioner's report, numbered 2, 3, 4, 5, 7 and 9, are upon matters of fact found by the commissioner. The evidence upon those matters is

conflicting. While this court will, upon such matters, where the evidence is returned with the report, review and weigh the evidence, and if not satisfied that the commissioner has reached a right conclusion, overrule his finding · or findings, yet, except as to errors apparent on its face, the report is *prima facie* correct, and where the evidence is conflicting this court will not reverse the action of the trial court overruling an exception to the report and confirming it, unless the finding of the commissioner is clearly erroneous. *Hall* v. *Hall,* 104 Va. 773, 775-6, 52 S. E. 557, and cases cited.

After a full examination of the evidence upon the matters involved in the said exceptions, we cannot say the findings of the commissioner, approved and sustained by the trial court, upon the questions involved in the said exceptions are clearly erroneous.

Appellant's exception numbered one is that the account of the receiver, as stated by the commissioner, is not itemized and stated in detail, as directed by the decree ordering the account.

The commissioner did not state the account by items and in detail, as directed, but he says in his report that it was impossible for him to so state it, from all the evidence before him including the receiver's books, invoices and statements filed. He reports that he charged the receiver with all sums or amounts which the evidence showed he had received as receiver, and credited him with all expenditures in the performance of his duties which the evidence showed he was entitled to. It does not appear that a more detailed statement of the account could have been made, or that anything could have been gained by recommitting the report. We are, therefore, of opinion that Exception No. 1 was properly overruled by the trial court.

Exception No. 6 to the commissioner's report was because the commissioner had credited the receiver with $70

a month for five months and $35 a month for seven months, paid to C. L. Fletcher, whom he had employed as foreman to aid him in the performance of his duties as receiver.

By the terms of the decree appointing the receiver, he was authorized to employ such labor as was necessary to carry out the directions of the court in manufacturing and disposing of the timber and lumber, etc., which came to his hands as receiver. It appears that the services rendered by Mr. Fletcher were necessary, and that the compensation paid him therefor was not more than his services were reasonably worth.

The court is further of opinion that the trial court properly sustained exception No. 1 of the appellee to the commissioner's report, and allowed him an additional credit for $161.66 on account of rebate for lumber sold the Clinch Valley Lumber Co. upon a guaranteed inspection. The evidence shows that on inspecting the lumber Mr. Fletcher was the agent of the receiver and not the agent of the lumber company, and that upon inspection by that company there was a shortage and rebate to that extent. Not to credit the receiver with that sum would be to charge him with money which he was not entitled to and did not receive.

Exception No. 8 to the commissioner's report is that the commissioner failed "to report the profits realized by the Clinch Valley Lumber Co. on lumber sold by the receiver to it, as called for by the complainant, the said receiver being president of and a large stockholder in the Clinch Valley Lumber Company, to which he sold the greater part of said lumber."

A large part of the lumber was sold to the Clinch Valley Lumber Company, of which he was president and in which he was a stockholder; but the evidence shows that that company paid as much for the lumber as anyone else would pay, and that Mr. Fletcher was authorized by the receiver

to sell the lumber to anyone else who would pay more for it. The receiver testifies that the lumber was handled through his company as a matter of convenience and because in that way he was able to realize more for it than he could otherwise have done; and that he does not think that his company realized any profit upon its purchase beyond the necessary expense of shipping and handling it. It does not appear from the evidence that the Clinch Valley Lumber Company made a profit upon the lumber sold it, and the evidence tends to show that the appellant was benefited rather than prejudiced by such sales. Under the facts disclosed by the record, the trial court properly overruled that exception (No. 8) to the commissioner's report.

Exception No. 10 is because the "commissioner fails to charge the receiver with 142 logs containing 25,000 feet of merchantable lumber, left by the receiver in the woods unmanufactured and now spoiled and wasted."

It appears that the logs in question were scattered over the boundary of timber land—some 300 acres. The evidence is conflicting as to the quantity of lumber the logs would have made, the quality or condition, the difficulty of getting them to a saw-mill on account of their location, and whether or not it would have cost more to have manufactured and marketed them than they were worth. The commissioner, upon all the evidence, did not think that the receiver should be charged with anything on account of these logs, and we cannot say that the trial court erred in approving his finding.

The appellant's assignment of error based upon his exception No. 12, and cross error assigned by appellee based on his exception No. 4 may be considered together, as they both involve the question as to who should pay the costs of settling the receiver's account.

The receiver failed to make any report of his doings to the court until a rule was awarded against him to show

cause why he had not done so. When, in answer to that rule, he did file a statement of his account, it was inaccurate and showed a much less balance in his hands than was really due from him. If the receiver had kept an accurate and itemized account of his transactions as receiver, as he ought to have done, he could have made an accurate statement of his account in answer to the rule to show cause, and thus have rendered unnecessary the reference ordered by the court and the costs attending it. The court is, therefore, of opinion that no part of the costs or expenses attending the taking of the account ordered by the court should be charged to the complainant or the fund in the hands of the receiver, except what would have been a reasonable charge for stating his account in answer to the rule to show cause. The commissioner of accounts having charged him $9.75 for making that statement, the court is of opinion that the receiver should be credited with that sum ($9.75) on his account as receiver and be charged personally with the costs and expense attending the taking of the account ordered by the court.

The appellee assigns as cross-error the action of the court overruling his exception No. 2 filed to the commissioner's report for refusing to allow him the sum of $127.68 as interest on money advanced by him in performing his duties as receiver. The commissioner reported that he did not allow that item of interest because the evidence did not show that he had really made such advances as entitled him to the interest claimed. The refusal of the commissioner was approved by the trial court, and properly so, as it seems to us.

The court is further of opinion that the trial court properly allowed the receiver compensation for his services. While he did not keep his accounts as carefully as he might have done, there is nothing in the record to show that he did not act with good faith in the performance of his du-

ties and manage the trust with reasonable success. The amount allowed, five *per cent.* upon the fund which passed through his hands, was the usual and we think a reasonable allowance for his services, and the trial court properly so held.

The court is further of opinion that there was no error to the prejudice of the appellee in decreeing interest upon the balance found in the hands of the receiver from the 23d of February, 1909.

It follows from what has been said that there is no error in the decree appealed from, except in the matter of costs in taking and settling the account ordered by the court. Instead of crediting the receiver with $75.00 on that account, the court ought only to have credited him with $9.75 and rendered a personal decree against him for the residue. The decree will be amended in that respect, and as amended affirmed, with costs to the appellee as the party substantially prevailing.

*Amended and affirmed.*