# Wytheville.

## MADDUX AND OTHERS V. BUCHANAN AND OTHERS.

### June 14, 1917.

Absent, Burks, J.

1. MECHANICS' LIENS—*Necessity of Indebtedness to General Contractor—Case at Bar.*—Defendant entered into an agreement with a building contractor for the erection of a residence. After the work was less than half done, and after less than half of the total contract price had been paid, the contractor failed financially and surrendered the contract and the work to be done thereunder to the defendant, who proceeded to carry the same to completion under a provision of the contract that he might do so under such contingency, and that in such case the contractor should not be entitled to any further payment under the contract until the work should be wholly finished, at which time if the unpaid balance of the amount to be paid under the contract should exceed the expense incurred by the owner in finishing the work, such excess should be paid by the owner to the contractor; but if such expense should exceed such unpaid balance the contractor should pay the difference to the owner. Plaintiffs, who were subcontractors, to whom the contractor was indebted at the time of his failure, filed their claim for liens in conformity with section 2477, Code of 1904, and gave notice thereof to defendant and instituted separate suits in equity to enforce the same. These suits were brought before the building was completed, and defendant filed, first, an original answer in each case, exhibiting his contract, denying any indebtedness whatever to the general contractor, and averring that it would cost more than the balance of the contract price to finish the work, and, later, a supplemental answer exhibiting the certificate of the architect showing a balance due from the contractor of $4,-756.49. Upon reference to a commissioner a report was made upon evidence which was extensive and thorough, fully sustaining the position assumed by defendant in his answer.

   *Held:* That as it satisfactorily appears from the evidence that there was no time after notice to the defendant of the claim

of the subcontractors when he was indebted in any amount
to the general contractor, consequently he was under no lia-
bility towards the subcontractors.

2. APPEAL AND ERROR—*Commissioner's Report.*—There is a strong
presumption in the appellate court in favor of a decree by
which the trial court has confirmed the report of a commis-
sioner upon a question of fact.

3. MECHANICS' LIENS—*Owner's Liability.*—Laborers and material
men are favored by the statute, but not to the extent of re-
quiring the owner of property to pay the same bills twice,
once to the builder with whom he has contracted, and again
to parties with whom he has no contractual relations. The
present mechanic's lien laws deal fairly with both the owner
and the subcontractor, requiring the owner, after notice, to
withhold from the general contractor enough to pay the sub-
contractor, provided however, "the same does not exceed
the sum in which the owner is indebted to the general con-
tractor at the time the notice is given, or may thereafter be-
come indebted by virtue of his contract with said general con-
tractor."

4. MECHANICS' LIENS—*Compliance with Terms of Statute.*—The
statute was designed to protect subcontractors, and creates a
liability which would not otherwise exist, but its terms must
be met before its benefits can be enjoyed. In other words, the
owner is under no obligation to protect the interest of the sub-
contractor, except where the latter has complied with the law
and thus placed himself in a position to demand protection
from the owner.

5. MECHANICS' LIENS—*Contract Between Owner and General Con-
tractor—Recording Contract.*—There is no statute requiring
the recordation of a contract between an owner and a gen-
eral contractor, providing for the completion of a building
by the owner upon the failure of the general contractor, and
there is no rule of law making the owner a trustee for sub-
contractors in such cases. Upon the contrary, an owner has
the right to make just such a contract as that referred to in
the first syllabus without regard to subcontractors. A sub-
contractor can have no legitimate claim upon the owner, ex-
cept under and by virtue of the statute. And, while it would
not be competent for an owner to defeat the statutory rights
of a subcontractor by a stipulation in the general contract
against liens, or to assist the general contractor in placing
a *bona fide* asset beyond the reach of his creditors by any sub-
terfuge embodied in the terms of the general contract, the
settled general rule is that a subcontractor is charged with

notice and bound by the terms of the general contract, and this rule applies especially to the mode and terms of payment agreed upon between the owner and the general contractor.

6. MECHANICS' LIENS—*Account Between General Contractor and Owner.*—Included in the sum found by a commissioner as the balance due from a general contractor to the owner was an item for liquidated damages, which the subcontractors contended was an error in the record.

   *Held:* That the question was not material so far as the subcontractors were concerned, where with that item eliminated there was still nothing due from the owner to the general contractor upon which their claims could attach.

7. APPEAL AND ERROR—*Presumption in Favor of Lower Court's Finding.*—A decree sustained an exception to the deposition of a witness and this was assigned as error. Counsel were not agreed and the record was not clear as to the facts upon which the exception to this deposition should be disposed of, and the presumption, therefore, is that the action of the lower court was right.

8. APPEAL AND ERROR—*Harmless Error—Exclusion of Deposition.*— The exclusion by the court below of a deposition of a witness is harmless, there being nothing to indicate that the commissioner did not consider the deposition in making up his report; and, the appellate court having considered it, being of the opinion that it could not in any event have properly changed the result.

9. MECHANICS' LIENS—*Architect's Certificate.*—In mechanic lien proceedings the certificate of the architect, showing that no indebtedness existed from the owner to the general contractor, made in compliance with one of the provisions of the building contract, in the absence of either allegation or proof of bad faith on his part, must be accepted as conclusive.

Appeal from a decree of the Circuit Court of Loudoun county. Decree for defendants. Complainants appeal.

*Affirmed.*

The opinion states the case.

*J. Donald Richards, W. H. Martin* and *R. R. Farr,* for the appellants.

*E. E. Garrett,* for the appellees.

KELLY, J., delivered the opinion of the court.

James A. Buchanan entered into a written agreement with John H. Nolan, a building contractor, whereby the latter agreed to furnish for the former all the material and labor necessary for the erection of a costly residence. After the work was less than half done, and after less than half of the total contract price had been paid, Nolan failed financially and surrendered the contract and the work done and to be done thereunder to Buchanan, who proceeded to carry the same to completion under the following provision of the contract:

"Art. V. Should the contractor at any time refuse or neglect to supply a sufficiency of properly skilled workmen, or of materials of the proper quality, or fail in any respect to prosecute the work with promptness and diligence, or fail in the performance of any of the agreements herein contained, such refusal, neglect or failure being certified by the architect, the owner shall be at liberty, after three days' written notice to the contractor, to provide any such labor or materials, and to deduct the cost thereof from any money then due or thereafter to become due to the contractor under this contract; and if the architect shall certify that such refusal, neglect or failure is sufficient ground for such action, the owner shall also be at liberty to terminate the employment of the contractor for the said work and to enter upon the premises and take possession, for the purpose of completing the work included under this contract, of all materials, tools and appliances thereon, and to employ any other person or persons to finish the work, and to provide the materials therefor; and in case of such discontinuance of the employment of the contractor he shall not be entitled to any further payment under this contract until the said work shall be wholly finished, at which

time if the unpaid balance of the amount to be paid under this contract shall exceed the expense incurred by the owner in finishing the work, such excess shall be paid by the owner to the contractor; but if such expense shall exceed such unpaid balance the contractor shall pay the difference to the owner. The expense incurred by the owner as herein provided either for furnishing materials or for finishing the work, and any balance incurred through such default, shall be audited and certified by the architect, whose certificate thereof shall be conclusive upon the parties."

There is some controversy as to whether this clause in the contract was strictly complied with, but it is entirely clear from the evidence that there was such compliance, and the certificate of the architect, made after the building was completed, showed that Nolan was indebted to Buchanan in the sum of $4,756.49.

The appellants, Maddux and others, were sub-contractors who had furnished labor and material to Nolan, and to whom he was indebted at the time of his failure and surrender of the contract. Having filed their claim of liens in conformity with section 2477 of the Code of Virginia, and given notice thereof to Buchanan, they proceeded to institute their separate suits in equity to enforce the same. These suits were brought before the building was completed, and Buchanan filed, first, an original answer in each case, exhibiting his contract, denying any indebtedness whatever to the general contractor, and averring that it would cost more than the balance of the contract price to finish the work, and, later, a supplemental answer exhibiting the certificate of the architect and showing a balance due from the contractor of $4,756.49.

The several causes, which were heard together, were referred to a commissioner for a report upon a number of questions, but the gist of the inquiry, so far as it affects this appeal, was whether Buchanan owed Nolan anything at the time the contract was surrendered, or would owe him any-

thing when the work was completed. The commissioner, upon evidence which was extensive and thorough, made a report fully sustaining the position assumed by Buchanan in his answer. Complainants excepted to this report and the circuit court, after mature consideration, overruled the exceptions, confirmed the report, and dismissed the bills at the cost of complainants.

The decree was right in all respects. It, of course, comes to us with the strong presumption in its favor attaching to a decree by which the trial court has confirmed the report of a commissioner upon a question of fact (*Hall* v. *Hall,* 104 Va. 773, 776, 52 S. E. 557, and cases cited) ; but, independently of that presumption, the evidence satisfies us that there was no time after notice to General Buchanan of the claim of the appellants when he was indebted in any amount to the general contractor; and this is necessarily the end of the case. Laborers and material men are favored by the statute, but not to the extent of requiring the owner of property to pay the same bills twice, once to the builder with whom he has contracted, and again to parties with whom he has no contractual relations. Our present mechanic's lien laws deal fairly with both the owner and the sub-contractor, requiring the owner, after notice, to withhold from the general contractor enough to pay the sub-contractor, provided however, "the same does not exceed the sum in which the owner is indebted to the general contractor at the time the notice is given, or may thereafter become indebted by virtue of his contract with said general contractor." (Code, sections 2477, 2479). The sub-contractor will generally be as well situated as the owner to determine whether the general contractor is solvent. To do more than our statute has done in relieving the sub-contractor of risk in this respect would be to make the owner of a building the guarantor of all the bills incurred thereon by the general contractor. This would unjustly, if not unconstitutionally, abridge the right of contract. The statute

was designed to protect sub-contractors, and creates a liability which would not otherwise exist, but the terms must be met before its benefits can be enjoyed. In other words, as this court has said in former decisions, "the owner is under no obligation to protect the interest of the subcontractor, except where the latter has complied with the law and thus placed himself in a position to demand protection from the owner." (*Schrieber* v. *Bank,* 99 Va. 257, 262, 38 S. E. 134, 135; *University of Va.* v. *Snyder,* 100 Va. 567, 581, 42 S. E. 337; *Steigleder* v. *Allen,* 113 Va. 686, 691, 75 S. E. 191.)

The authority of the case of *S. V. R. R. Co.* v. *Miller,* 80 Va. 821, relied upon by counsel for appellants, in so far as it is at variance with the view here expressed, has been entirely destroyed by the subsequent change in the statute, which now very justly limits the liability of the owner to his indebtedness to the general contractor at or after the time he received notice of the sub-contractor's claim.

In Burks' Pleading and Practice, page 821, section 421, the author, after stating, as pointed out by counsel for appellants, that the sub-contractor is given by the statute three different methods by which he may secure the payment of the amount due him, namely, (1) by filing an independent lien, (2) by taking steps to hold the owner personally liable, and (3) by invoking the benefit of the general contractor's lien, makes it perfectly clear that each of these three methods is dependent upon and limited by the indebtedness of the owner to the general contractor.

But it is said that the contract between Buchanan and Nolan was not recorded, that the sub-contractors had no notice and were not bound by its terms, and that the owner, therefore, became a trustee for the sub-contractors, and should have protected himself by requiring a bond of the general contractor.

There is no statute requiring the recordation of such contracts, and there is no rule of law making the owner a trustee for sub-contractors in such cases. Upon the con-

trary, an owner has the right to make just such a contract as was made in this case, without regard to sub-contractors. The authorities already cited emphasize the principle that a sub-contractor can have no legitimate claim upon the owner, except under and by virtue of the statute. And while it would not be competent, under what we regard as the better, though not the universal rule, for an owner to defeat the statutory rights of a sub-contractor by a stipulation in the general contract against liens, or to assist the general contractor in placing a *bona fide* asset beyond the reach of his creditors by any subterfuge embodied in the terms of the general contract, the settled general rule is that a sub-contractor is charged with notice and bound by the terms of the general contract, and that this rule applies especially to the mode and terms of payment agreed upon between the owner and the general contractor. See 2 Jones on Liens, sec. 1289; Phillips on Mechanics' Liens, sec. 58, p. 94; 20 Am. & Eng. Enc. L., pp. 362, 363, 27 Cyc. 93, 94; *McCrary* v. *Bristol Bank,* 97 Tenn. 469, 37 S. W. 543; *Ewing* v. *Folsom,* 67 Iowa 65, 24 N. W. 595.

What has been said disposes of the principal assignments of error. The remaining ones are of minor importance and will require only a brief discussion.

Included in the sum found by the commissioner as the balance due from Nolan to Buchanan was an item for liquidated damages, under a clause in the contract providing for a payment by the contractor of $10 per day after a certain date until the work was completed. Appellants contend that it was error in the report and decree to so find. The question is not material, so far as appellants are concerned, for the reason that the item in question was only about half of the total balance found against Nolan, and with that item eliminated there would still be nothing upon which the claims of appellants could attach, either as liens or as grounds of personal liability against Buchanan.

The decree complained of sustained the exceptions of counsel for appellee to the deposition of the witness, W. L. Brown, and this is assigned as error. Counsel are not agreed and the record is not clear as to the facts upon which the exception to this deposition should be disposed of, and in this state of the case, the presumption is that the action of the lower court was right. But the appellants have not, in any view of the matter, been prejudiced. The deposition was before the commissioner and was returned by him with his report along with the other evidence in the case. There is nothing to indicate that he did not consider the deposition in making up his report, and it seems clear that, at least so far as the commissioner was concerned, appellants get the benefit of Brown's testimony. However this may be, it is in the record before us, we have considered it, and we do not think it could in any event have properly changed the result.

The last assignment of error is that "the certificate of the architect is not binding upon any one, under the conditions as set forth in this petition, and the evidence in this cause, especially upon the sub-contractors, as the architect, in his certificate, made no reference to the fact of the material or work of the sub-contractors which he used or the amount of work performed by Nolan on the fourth payment."

The answer to this contention is two-fold. In the first place, the report of the commissioner and the decree confirming the same do not rest upon the architect's certificate, except in so far as it may have been considered by the commissioner and the court along with the deposition of the architect and all the other evidence in the cause. In the second place, the proposition upon which the assignment is predicated is, in itself, unsound. We have already seen that the appellants were dependent upon the existence of an indebtedness from Buchanan to Nolan, and that this indebtedness must have arisen in accordance with the terms of the contract between those two parties. The certificate

of the architect, showing that no such indebtedness existed, was made in compliance with one of the provisions of that contract, and in the absence of either allegation or proof of bad faith on his part, must be accepted as conclusive. This is the law in Virginia, and elsewhere generally. *Condon* v. *South Side R. R. Co.*, 14 Gratt. (65 Va.) 302, 313; *N. & W. R. Co.* v. *Mills & Fairfax*, 91 Va. 613, 629, 22 S. E. 556; *Johnston* v. *Bunn*, 108 Va. 490, 495, 62 S. E. 341, 19 L. R. A. (N. S.) 1064; 6 R. C. L., p. 962, sec. 340; 6 Cyc. 40; 9 C. J. 772.

There is no error in the decree of the circuit court, and it must be affirmed.

*Affirmed.*