# Richmond.

SAUNDERS v. PRUNTY ET ALS.

March 23d, 1893.

1. COMMISSIONERS IN CHANCERY—*Report—Evidence.*—The commissioner need not return the evidence upon which his report is based, in the absence of any directions so to do. Where a judgment is reported as a lien, and the report is confirmed without exception—

HELD:
> This court will not disturb the confirmation.

2. STAY LAW—*Levy of fi. fa.—Satisfaction—Case at bar.*—With the report was returned an execution endorsed to the effect that on April 14th, 1861, a *fi. fa.* had been levied on one slave, the property of defendant, and held up by order of plaintiff. On April 30th, 1861, the stay law was enacted, and continued in force until emancipation.

HELD:
> It is not to be presumed from the levy that the judgment was satisfied.

Appeal from decree of circuit court of Franklin county, rendered January 19th, 1892, in the consolidated cases of *Prunty* v. *Saunders*, and of the appellant, *C. J. Saunders* v. *Prunty, Turner's Adm'r, and Others.* Opinion states the case.

*Saunders & Dabney*, for appellant.

*Dillard & Lee*, for appellees.

FAUNTLEROY, J., delivered the opinion of the court.

The bill of Jesse Prunty, suing for himself and other lien creditors of C. J. Saunders, was filed in the circuit court of

Franklin county at September rules, 1885. The usual accounts were ordered, and the commissioner reported the liens of Prunty and others. By a decree of May 15th, 1889, a further account of liens was ordered; and, pursuant thereto, the commissioner took a further account of liens binding the real estate of C. J. Saunders, a report of which he filed on the 8th day of October, 1890, in which, among other liens binding the lands of C. J. Saunders, he reported a judgment rendered in July, 1860, in favor of Sparrel ·Janney *v.* ·Peter Saunders and C. J. Saunders, (marked as the property of Stephen H. Turner, administrator of E. B. Turner, deceased,) amounting, on the 20th of October, 1890, to $741.58, as a lien upon the said lands.

No exception was taken to the report on account of the allowance of this judgment, though the report of the commissioner was excepted to in other particulars; and, by decree of October 27th, 1890, the said report was confirmed, and commissioners were appointed to sell the lands of the said C. J. Saunders to satisfy the debts proven in the said suit. On the 24th of April, 1891, the said C. J. Saunders obtained an injunction against the commissioners appointed to sell, and asked in his bill that the decree of October 27th, 1890, be reheard, in so far as it confirmed the report of the commissioner in allowing the judgment owned by Turner's administrator, for $741.58.

The cause was submitted to the judge to be heard in vacation, on bill and answer and exhibits, to be heard along with the suit of *Prunty* v. *Saunders;* and the court, by its decree on the 21st of January, 1892, refused to grant the prayer of the petition to rehear the case, and dismissed the injunction. From this action of the court C. J. Saunders took this appeal.

The commissioner returned, with the report, copies of two executions that were filed at the time of the filing of the judgment. He stated, in his report, that the last execution

was returnable to the first Monday in May, 1861, and that, from that time, so far as it appeared, no further proceedings had been taken upon the said judgment, until the filing of the copies of the said judgment and the executions thereon before him, in March or April, 1890. The second execution was marked as coming to hand on March 15th, 1861, and is endorsed : " Levied, April 14th, 1861, on one negro named Wyatt, the property of Peter Saunders, Sr., and held up by order of E. B. Turner.—J. WADE, D. S., for Wm. P. Thompson, sheriff."

It is contended by appellant that, this return, by the sheriff, upon the execution, filed by Turner's administrator before the commissioner to show that the judgment was still alive, raises the *prima facie* presumption that the judgment was satisfied by the levy upon specific property of the judgment debtor sufficient to pay the debt, which was either sold by the sheriff and the execution satisfied, or the sheriff, through his negligence, lost the property, or disposed of it, so as to become himself liable to the plaintiff in the execution for the debt; and that, therefore, the court erred in not ruling out the allowance of this judgment, owned by Turner's administrator, upon the coming in of the report of the commissioner, although no exceptions were taken to its allowance by the commissioner. It is not the duty of the commissioner to return the evidence upon which his report is based in the absence of any direction so to do. *Bowden* v. *Parrish*, 86 Va. (Hansbrough) 69 ; *Bowers* v. *Bowers*, 29 Gratt. 297 ; *Robinson* v. *Allen*, 85 Va. (Hansbrough) 731.

In this case no such directions were given, and the commissioner was not bound to return the evidence upon which he allowed and reported the Turner judgment as a live and valid lien upon the lands of C. J. Saunders; and the fact that he returned, with his report, some of the exhibits filed with him, is no proof that there was no other evidence before him. If,

therefore, the defendant in the court below, C. J. Saunders, had elected to appeal, this court would not have disturbed the confirmation of the report, in the absence of any exceptions to the allowance of the judgment in the commissioner's report in the court below. *Mosby's Administrator* v. *Mosby and Others*, 9 Gratt. 608; *Whitten* v. *Saunders*, 75 Va. 572.

In the case under review no *prima facie* presumption that the judgment was satisfied by the levy made by the sheriff April 14th, 1861, upon the negro Wyatt, can arise. The execution was levied on the 14th of April, 1861, and was returnable on the first Monday in May following. On the 30th of May, 1861, the stay law was passed, which fully accounts for no sale having been made; and a succession of stay laws prevented the sale of the slave levied on until the property was destroyed by emancipation. The return shows on its face that the sheriff who made the levy did not take pos-session of the slave levied on; and there could have been no use of his taking possession of the slave for the sole purpose of returning him. *Hamilton* v. *McConkey's Adm'r*, 83 Va. (Hansbrough) 537.

In the case of *Shannon* v. *McCullin*, 25 Gratt. 211, the return on the execution was almost identical with the return in this case; and it was said by the court in that case that the passage of the stay laws sufficiently accounted for the delay in that case. (See page 228.)

We are of opinion to affirm the decree of the circuit court of Franklin county, appealed from, without error.

DECREE AFFIRMED.