SAUNDERS

*v.*

PRUNTEY *et al.*

(*Supreme Court of Appeals of Virginia, Jan. 28, 1897.*)

[26 S. E. Rep. 584.]

**Joint Judgment Debtors—Sufficiency of Evidence to Establish Principal—Case at Bar.**

An officer who had held execution against joint judgment debtors testified positively that, at the time of levy, one of the debtors stated that the judgment debt was contracted for his benefit, and that he recognized it as his own, and did not wish the other parties to pay it: *held*, that the testimony, though given several years after the alleged declaration, supported a finding that declarant alone was principal in the judgment, the officer being uncontradicted.

**Decree upon Commissioner's Findings—Presumption.**

A decree, on facts found by a commissioner and confirmed by the court, is presumed to be right, in the absence from the record of the evidence on which the commissioner based his findings.

Appeal from circuit court, Franklin county.

Suit by Jesse Pruntey and another, on behalf of themselves and other lien creditors, against C. I. Saunders, to subject land to payment of liens. From a decree overruling exceptions to and confirming a commissioner's report, and directing a sale of the land to satisfy the liens reported, defendant appeals. Affirmed.

*Anderson & Hairston,* for appellant.

*Dillard & Lee,* for appellees.

CARDWELL, J., delivered the opinion of the court.

This case is as follows : On the 19th of April, 1871, W. C. Calloway, along with C. I. Saunders (the appellant), J. S. Taylor, and T. S. Saunders, executed to Marshall Hairston a joint bond, for $1,000, with interest from date, and on the same day Calloway executed to C. I. Saunders a deed conveying a tract of land in Franklin county, in trust, to secure the payment of the bond, providing in the deed that, at any time after the succeeding January, the trustee, when required by Hairston, should sell the land for cash, and out of the proceeds pay the debts secured, and the remainder, if any, to Calloway.

At the November term of the Franklin circuit court, 1875, Hairston recovered judgment on this bond, and sued out an execution thereon, returnable to January rules, 1876, under which the property of appellant and J. S. Taylor was levied on, and a forthcoming bond was executed by them and T. S. Saunders with J. J. Saunders as their surety. This bond was forfeited, and on the 12th of April, 1876, execution was awarded thereon against the obligors for $2,206.72, to be discharged by the payment of one-half of this sum, with interest and costs, subject to a credit of $100 as of July 12, 1875.

In January, 1878, Hairston filed his bill in Franklin circuit court, to which he made Calloway and the obligors in the forfeited forthcoming bond, along with J. J. Saunders, their surety, and various parties claiming under J. S. Taylor, defendants. The bill sought to subject the land of J. S. Taylor and his assigns to the payment of the plaintiff's judgment lien thereon, and was taken for confessed, and in the proceedings had in the suit J. S. Taylor's property was subjected to the payment of the judgment, which was discharged thereby.

Some years after, this suit, out of which this appeal arose, was instituted by Jesse Pruntey and another, on behalf of themselves and such other lien creditors of the appellant, C. I. Saunders, as would make themselves parties on the usual terms,

the object of which was to subject the land of the defendant to the payment of the liens thereon.

An account of liens was ordered, taken, and reported in the cause, to the May term, 1889, but by decree then made the commissioner was directed to take a further account of the liens, and his report under this decree was filed October 7, 1890, in which the lien of J. S. Taylor for the aggregate amount paid by him in satisfaction of the Hairston judgment is reported; the defendant, C. I. Saunders, being treated as principal, as to Taylor, in this judgment, and the report showing that a part of the claim asserted by Taylor was due to one Belcher as Taylor's assignee, a part to one Greer, and the residue to Taylor.

To this report the defendant excepted, on the ground of insufficient evidence to show that he was the principal in the judgment in favor of Hairston, paid by Taylor, and asked further time to show payments to Taylor partly sufficient to reimburse him the amount paid on the judgment; and by decree entered on this report at the October term, 1890, leave was given the defendant to take such testimony and produce such further proof before one of the commissioners of the court as he might be advised, in support of his exceptions.

By decree in the cause, made in vacation, January 21, 1892, a further credit of $519.53 was allowed Saunders on the claim reported in favor of Taylor and his assignees, but the report of the commissioner was not then confirmed.

At the subsequent May term, 1892, the commissioner was directed to take any record proof furnished him by the defendant, Saunders, showing that he was entitled to any additional credit on the claim reported in favor of Taylor and his assignees, and directing the commissioner to review the calculation of the debts reported by him in his former report, and to make up and return a report correcting the errors, if any, giving to Saunders any additional credit to which he might be entitled. Under this decree, the commissioner filed a report April 22, 1893, in which the claim of Taylor and his assignees against

the defendant, Saunders, is restated, showing the balance due to be $1,601.70, as of May 1, 1893, and due to Belcher and Greer as assignees of Taylor, in proportions stated.

To this report the defendant, Saunders, again excepted, mainly on the ground that the commissioner had charged him, as principal in the Hairston judgment, with the whole amount paid by Taylor thereon, when he should have been charged, as co-security with Taylor, with only one-third of the amount paid by Taylor.

By decree entered in the cause at the May term of the court, 1893, the exceptions were overruled, the report of the commissioner confirmed, and a sale of the defendant's land to satisfy the liens reported was ordered. From this decree this appeal was allowed.

The assignments of error are founded upon the exceptions taken to the commissioner's report by the appellant, and overruled ; and the first question, therefore, presented, is whether or not the appellant was principal in the judgment in favor of Hairston and paid by Taylor, or co-security with Taylor as to this judgment.

The evidence upon this point consists of the deposition of W. L. Hancock, who states : That, as deputy sheriff for the county of Franklin, he had in hand the execution which issued from the circuit court of that county in favor of Marshall Hairston against W. C. Calloway, C. I. Saunders (appellant), T. S. Saunders, and J. S. Taylor. That upon this execution he took a forthcoming bond, signed by C. I. Saunders, T. S. Saunders, J. S. Taylor, and John I. Saunders, leaving W. C. Calloway out. That he had a conversation with C. I. Saunders in which Saunders asked him if he had the execution for Marshall Hairston, and, upon being told that he had, Saunders said to him that he did not wish him to say anything about it in his house before his family ; that nothing could be made out of Calloway (giving witness to understand that he and Callo-

way were not on very good terms) ; that the money obtained from Hairston was for him (Saunders) ; that he did not want his brother, T. S. Saunders, or J. S. Taylor to pay it ; that he wanted to pay it himself, and wanted to execute the forthcoming bond to give him time to make the arrangements to get the money.    Whereupon the forthcoming bond was executed. Just what this witness said is not expressed very clearly in the printed record, but, from it, it sufficiently appears that Saunders stated to the witness that the money obtained from Hairston was for his benefit, and that he recognized the debt as his own, and did not wish the other parties to the bond to have to pay any part of it.    It is true the witness was testifying, as contended by the appellant, some years after the conversation related was had, but his statement is positive and clear as to what passed between him and Saunders.    At all events, his statement is uncontradicted.    It is a general rule of law that the true relations subsisting between several parties bound for the performance of a written obligation may be shown by parol evidence.    Boulware v. Hartsook's Adm'r, 83 Va. 684, 3 S. E. 289.    The testimony of the witness Hancock was not to change the relations of the parties, but to show their true relations.    The assignment of error to the decree appealed from upon this ground is, therefore, without merit.

The remaining assignments of error relate to the account, reported by the commissioner, showing the payments made by Taylor on the Hairston judgment.    It is nowhere denied in the record that these payments were made by Taylor pursuant to decrees made in the suit of Hairston against Calloway and others, and no exception to the commissioner's report controverts the fact, and it was therefore unnecessary for copies of such decrees or other papers to be filed in this record from the suit of Hairston against Calloway ; hence, it was unnecessary for the commissioner to return these decrees with his report, it not being the duty of the commissioner to return evidence upon which a report is based, in the absence of any direction

to do so.   Shipman v. Fletcher, 91 Va. 478, 22 S. E. 458 ;
Saunders v. Prunty, 89 Va. 923, 17 S. E. 231.

In the absence from the record of the evidence upon which
the commissioner has reached his conclusions, confirmed by the
court below, the judgment will be presumed to be right until
the contrary is shown.   An appellate court will not overturn·
it unless satisfied that it is wrong.   It devolves upon the party
complaining to show error, and to satisfy the appellate court
that the judgment and decree complained of are wrong.   Ship-
man v. Fletcher, 91 Va. 473, 487, 22 S. E. 458.   There is
nothing in this record to show error in the calculation made by
the commissioner in reporting the claim asserted by Taylor,
except the statements made by counsel, founded upon what it
is alleged the record in the case of Hairston against Calloway
shows, and these statements were properly disregarded by the
commissioner, because the appellant was a party to that suit,
and had every opportunity to protect his interest therein.   He
cannot, therefore, be heard in this suit to show error in the
suit of Hairston against Calloway, if error there be.

We are of opinion that there is no error in the decree com-
plained of, and it is therefore affirmed.