## Richmond.

### TRIPLETT AND OTHERS v. WOODWARD'S ADM'R.

#### MARCH 15, 1900.

#### Absent, Keith, P.

1. CHANCERY PLEADING AND PRACTICE—*Multifariousness—Bill to Settle Estate of Decedent—Parties—Legatees—Creditors—Debtors.*—To a bill filed by an executor to have the will of his testator construed, to ascertain the debts and pay them, and to distribute the balance according to the terms of the will, persons who are legatees and creditors of the estate are proper parties, and, if also debtors of the estate, it is proper in the same suit to have the accounts between them and the estate settled and the balance ascertained, and to decree against them for any balance found due by them. But persons who have no connection with the litigation, and are simply debtors of the estate, are not proper parties. The mere fact that the wife of a debtor to the estate is a legatee under the will and also a creditor does not make such debtor a proper party to the suit.

2. PRINCIPAL AND AGENT—*Death of Principal—Right to Possession of Choses in Action of Principal.*—Upon the death of the principal the agent's powers cease, and it is his duty to turn over choses in action in his hands to the personal representative of the principal. Although the proceeds of such choses in action are specifically bequeathed to a third person by the principal, the agent cannot litigate the right of the personal representative to the possession of such choses in a suit brought by the latter to convene the creditors and settle the affairs of the estate to which such third persons are not parties.

3. CONFIDENTIAL RELATIONS—*Dealings of Parties—Release of Agent.*—An agent, trustee, or other person standing in a confidential relation to another cannot entitle himself to benefits conferred upon him by that other, unless it appears that there has been entire good faith, a full disclosure of all the facts and circumstances affecting the transactions, and the absence of all undue influence or imposi-

tion. A release by an old woman to her agent of a large indebtedness, in consideration of small services, will not be upheld in the absence of all evidence of the circumstances under which the release was executed. The agent, after the death of the principal, is not a competent witness to show such circumstances.

4. CONTRACTS IN WRITING—*Parol Evidence—Receipts for Money.*—A party who has covenanted or agreed in writing to pay money unconditionally cannot prove that there was a contemporaneous parol agreement that it was not to be paid, or was to be paid in a manner different from that provided for in the covenant or writing. If, however, receipts were given by the payee, although no money was paid, his personal representative cannot recover for such sums.

5. DEBTOR AND CREDITOR—*Agreement to Release a Debt—Consideration.*—A creditor does not lose his right to collect a debt by simply declaring his intention not to collect it. If not actually released, or if the agreement to release is not based upon a valuable consideration, he may still collect it.

6. APPEAL AND ERROR—*Commissioner's Report—Exceptions—Conflicting Evidence.*—This court will not reverse the action of the trial court overruling an exception to a commissioner's report where the evidence is conflicting, and the court cannot see that error has been committed.

Appeal from decrees of the Circuit Court of Loudoun county, pronounced April 30, 1898, and October 22, 1898, in a suit in chancery, wherein the appellee was the complainant, and the appellants were the defendants.

*Affirmed in part.*

The opinion states the case.

*Eppa Hunton, Jr.,* for the appellants.

*Edward Nichols* and *J. H. Alexander,* for the appellee.

BUCHANAN, J., delivered the opinion of the court.

The appellants demurred to the bill on the ground that it was multifarious. Their demurrer was overruled, and that ruling of the Circuit Court is assigned as error.

The main object of the bill, which was filed by the adminis-

trator with the will annexed of Mrs. E. A. Woodward, was the distribution of the estate of the testatrix according to the provisions of her will, after the payment of her debts.   S. W. Triplett and Eliza A. Seaton, two of the appellants, were legatees under the will, and also claimed to be creditors of the testator, as is charged in the bill, and were, therefore, necessary parties, both as legatees and creditors.   The bill alleges that both of them were debtors to the estate, and that Triplett had been for a number of years the agent of the testatrix to transact her business, and, at the time of her death, was in the possession of her papers and all the evidences of debts due and owing to her except such as were of record; that he had refused to furnish a complete and accurate account of his doings as agent, and to surrender certain bonds held by him as such agent, and payable to the testatrix, and asked that his accounts as agent should be settled in this case, and a decree be made against him, and also against Mrs. Seaton, for such sums as might be found to be due from them respectively.

One of the objects of the suit being to ascertain the indebtedness of the estate, and Mr. Triplett and Mrs. Seaton claiming to be creditors, it was not only proper but necessary to settle the accounts between each of them and the estate in order to ascertain what, if anything, was due to either, and if, upon such settlement, it was found that they, or either of them, were indebted to the estate, it would be proper to render a decree against such an one for that sum.

In Triplett's account against the estate, which was an exhibit with the bill, the largest item was for services rendered as agent. Clearly, before anything should have been allowed him for services rendered as agent, he ought to have been required to settle his accounts and surrender the papers in his possession as agent belonging to the estate, and the bill very properly asked that this might be done.

G. L. Seaton, the other appellant, was the husband of Mrs.

Seaton, but took nothing under the will. He was not a creditor. The bill alleges that he was a debtor of the estate, but the bill and the exhibits filed with it, which are asked to be read as parts of the bill, do not state an equitable cause of action against him. No case for an account is made. He was not responsible for the annuity of $300 provided for in the conveyance of the testatrix to Samuel H. Halley, trustee of Eliza A. Seaton, dated December 31, 1874. That deed expressly provides that the annuity shall be paid by the trustee to whom the land, upon which the annuity is made a lien, was conveyed for the sole and exclusive use of Mrs. Seaton during her life, and to her children after her death. The case made by the bill and exhibits against Mr. Seaton was that of debtor to the estate merely. He had no interest in the estate. The fact that his wife was interested in it as legatee and creditor did not make him either a necessary or proper party, and his demurrer should have been sustained and the bill dismissed as to him.

Upon the death of the testatrix, Triplett's powers as agent ceased, and her personal representative, upon his qualification as such, was entitled to the possession of all the evidences of debt due her in the hands of the agent. Whether Mrs. Seaton and her children, or the estate of the testatrix, was entitled to the proceeds of the bond due from Mr. Seaton was a matter with which Triplett, the agent, had no concern. It was his duty to deliver the bond to the personal representative of the testatrix, and it was the latter's duty to collect it, unless the testatrix had given it to Mrs. Seaton and her children, as is claimed. In the latter event, he ought to have delivered it to the parties entitled to it. If he was in doubt as to whom it belonged, he had the right to have the question determined by the court in a proper case; but not in this case, to which the infants were not parties, and could not properly be made parties, for they had no interest or connection with her estate in any way whatever except in the Seaton bond. There was no more reason for litigating the rights

of the claimants to that bond in this case than there would have been for litigating the rights of any other persons who might have claimed other choses in action or property in the possession of the personal representative.

It appears from the report of the commissioner that S. W. Triplett was indebted to the testatrix at the time of her death in the following sums, viz: $240.71 for moneys which had come into his hands as attorney in fact; $1,280.80, the amount of two bonds executed by him to her, and $3,118.57 on account of an annuity of $300 provided by her conveyance to him of December 30, 1874. The court's action in rendering a decree against him for these sums, subject to a credit on the first item (for services rendered as attorney in fact), is assigned as error.

Triplett insists that he had been released from the payment of these several sums by the testatrix, and relies upon the following paper as evidence of that fact:

" On account of faithful services rendered me by my nephew, S. W. Triplett, in attending to my business, I do hereby agree to release him at my death from all claims and obligations that may be due me in any manner whatever.

" Witness my hand and seal this 25th day of September, 1891.

" ELIZA A. WOODWARD.   [SEAL.]"

The paper is broad enough to cover the indebtedness in question, and sufficient to release the debtor therefrom if executed under such circumstances as rendered it binding upon the testatrix. Triplett was the agent of the testatrix when the paper was executed, and therefore stood in a confidential relation to her. It is well established that an agent, trustee or other person standing in a confidential relation to another, cannot entitle himself to benefits which that other may have conferred upon him, unless it appears that there has been entire good faith, a full disclosure of all the facts and circumstances affecting the transac-

tion, and the absence of all undue influence or imposition. 1
Story's Eq. Jur., sec. 315; 2 Pom. Eq. Jur., sec. 959; *Banner*
v. *Rosser*, 96 Va. 238; *Nelson* v. *Bowman*, 29 Gratt. 732,
737-740.

The agent, who was the nephew of the testatrix, was acting
under a power of attorney dated in the year 1887. His duties
seem to have been chiefly to look after the investment of the
money of his principal, to collect interest, pay her taxes and
personal expenses. Her estate was a small one at the time of
her death, and was more at that time than it had been at any
previous period of the agency. It consisted largely of debts
due her. The amount covered by the release, if valid, is more
than $4,600, nearly, if not altogether, half of her estate. The
services of the agent could not have been worth one-fourth of
that sum even if he had received nothing on that account, of
which there is no evidence. The circumstances under which it
was executed do not appear. Triplett, the agent, testifies as to
them, but he was clearly an incompetent witness. The release
was wholly in the handwriting of the agent, except the signa-
ture of the principal, who was then over eighty years of age. It
does not appear that she advised with any disinterested person
as to the propriety of making the release, or that she signed the
paper advisedly and deliberately, knowing its nature and effect,
or that her consent was not obtained by reason of the power and
influence to which the relation between them might be supposed
to give rise. It is true that one witness testifies that the testatrix
told him on one occasion that, unless she needed her money
before her death, Mr. Triplett would not have to pay, as she
had given him a receipt, but she made no explanation as to the
circumstances under which the receipt, or the release, if that
is what she referred to, was obtained.

Upon the whole record, we are of opinion that the validity of
the release has not been established, and that the Circuit Court
did not err in so deciding.

The action of the court in holding Mr. Triplett liable for the annuity of $300 required to be paid the testatrix by her convey-ance to him of December 30, 1874, is also assigned as error.

The conveyance expressly provides for the payment of the annuity during the life of the testatrix. The ground relied on to show that he should not be held liable for it is that there was an agreement that the annuity would be exacted of him only in the event the testatrix needed it for her support; that for years she executed receipts to him therefor, without receiving any money in return, and that the whole had been released by the writing heretofore discussed. As we have seen, that release is invalid. Under well settled rules of law, a party who has cove-nanted or agreed in writing to pay money unconditionally can-not prove that there was a contemporaneous parol agreement that it was not to be paid, or was to be paid in a manner different from that provided for in the covenant or writing. Browne on Parol Ev., secs. 67 and 68; 1 Daniel on Negotiable Instruments, sec. 80.

The fact that she gave receipts for many years for the annuity, although nothing was paid her, is sufficient to prevent her estate from recovering anything on the annuity for the years for which receipts were given, but that fact furnishes no defence against the collection of the annuity for the subsequent years. Neither does the declaration or promise of the testatrix that she did not intend to collect the annuity, even if it were satisfac-torily proven, furnish any defence against its collection, since there was no consideration for it. A party does not lose his right to collect a debt by simply declaring that he does not intend to collect it. He may change his mind and collect it, unless he has actually released it, or his agreement to release is based upon a valuable consideration.

For like reasons, the contention of Mrs. Seaton that the court erred in not holding that the annuity charged upon her land by

deed of December 31, 1874, had been fully satisfied, cannot be sustained.

Under Rule IX. of the court, the appellee seeks to have the decree of October 22, 1898, reversed, in so far as it overruled his exception No. 1 to the commissioner's report, and refused to charge Mr. Triplett, as the agent of the testatrix, with the sum of $600 and interest thereon from May 1, 1893, which it is claimed was collected by him for Mrs. Seaton. The evidence as to the existence and collection of that debt is so conflicting that we cannot say that the trial court erred in overruling that exception, and in refusing to charge the agent with that sum.

The decrees appealed from must be reversed in so far as they hold that G. L. Seaton was a proper party to the suit, and passes upon his rights in any manner, and the bill as to him must be dismisssed. In all other respects the decree must be affirmed.

*Affirmed in part, and reversed in part.*