# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## WOOD'S EXECUTORS AND OTHERS V. WOOD AND OTHERS.

### March 11, 1909.

1. WILLS—*Testamentary Capacity.*—A testator who is a clear headed business man, with ability to attend accurately and successfully to the affairs of life is not deficient in capacity to make a will, though he is seventy years of age and unable to read or write.

2. WILLS—*Undue Influence—Duress—Burden of Proof—Case in Judgment.*—Before undue influence can be made the ground for setting aside a deed or will, it must be sufficient to destroy free agency on the part of the grantor or testator. It must amount to coertion, practical duress. It must be shown to the satisfaction of the court that the party had no free will, but stood *in vinculis;* and the burden of proof in such a case, as in a case where fraud is charged, is always on him who charges undue influence. In the case in judgment, there is no evidence of any specific act of undue influence exerted or attempted to be exerted over the testator by any one charged with being in a position to guide his judgment, but the acts proved are entirely consistent with innocence and purity on the part of all who are connected with them.

3. WILLS—*Verdicts—Jury's View of What Testator Should Have Done.*—A jury is not justified, and will not be sustained, in setting aside the expressed intention of a testator because, in its judgment, a more equitable disposition of his property could have been made.

Error to a judgment of the Circuit Court of Norfolk county approving the verdict of the jury on an issue *devisavit vel non.* Judgment for the defendants in the issue. Plaintiffs assign error.

*Reversed.*

The opinion states the case.

*Thos. H. Willcox, Charles Whidbee* and *E. R. Baird, Jr.,* for the plaintiffs in error.

*R. Randolph Hicks,* for the defendants in error.

Harrison, J., delivered the opinion of the court.

The purpose of this suit is to contest the will of Zadoc W. Wood, deceased.

The testator by his will makes an unequal distribution of his estate among his descendants, and the suit to set aside the will is brought by those who were given the smaller portions against those who were more liberally provided for. The bill alleges a lack of testamentary capacity on the part of the testator, and charges that undue influence was exerted over him by James E. Wood, S. W. Wood and Sarah F. Quillin, three of his children, who were among the more fortunate beneficiaries.

These defendants answered the bill, denying all of its allegations. A jury was impaneled to try the issue of *devisavit vel non,* and brought in a verdict for the contestants.

Numerous exceptions were taken to the rulings of the court in admitting evidence and giving instructions, but in the view we take of the case it is only necessary to consider the action of the court in refusing to set aside the verdict as contrary to the law and the evidence.

The testator with his wife went, in January, 1902, to live in the home of his daughter, Sarah Quillin. On the 13th of the following April his wife, to whom he had given his property by a previous will, died. In less than two weeks after his wife's death the testator executed the will in controversy, in the office of a lawyer who had prepared the document at his

request, and in accordance with a memorandum furnished him by the testator. After the will was executed, it was left by the testator in the hands of the lawyer who had prepared it, where it remained until after the testator's death, when it was delivered to James E. Wood and S. W. Wood, two of his sons, who were the executors named therein; and on their motion it was admitted to probate in the Circuit Court of Norfolk county.

Two questions were involved in the issue: (1) The testamentary capacity of Zadoc W. Wood; and (2) the undue influence charged to have been exerted over the testator.

With respect to the testamentary capacity of the testator at the time the will in question was executed, it is only necessary to say that it appears to have been abundantly established. The testator was seventy years of age and could not read or write, but it is shown that he was a man of unusual mental and physical capacity, a clear-headed business man, with an ability to attend accurately and successfully to the affairs of life that was exceptional. The evidence is overwhelming to this effect, and none is introduced which shows that at the time of the execution of his will the testator was at all lacking in testamentary capacity.

This brings us to the question of undue influence.

Before undue influence can be made the ground for setting aside a deed or will, it must be sufficient to destroy free agency on the part of the grantor or the testator; it must amount to coercion—practically duress. It must be shown to the satisfaction of the court that the party had no free will, but stood *in vinculis;* and the burden of proof in such a case, as in a case where fraud is charged, is always on him who charges undue influence. *Jenkins* v. *Rhodes,* 106 Va. 564, 56 S. E. 332; *Wallen* v. *Wallen,* 107 Va. 131, 57 S. E. 596, 1 Va. App. 351; *Hoover* v. *Neff,* 107 Va. 441, 59 S. E. 428, 1 Va. App. 622.

The record fails to furnish any evidence showing any specific act of undue influence exerted or attempted to be exerted over

this testator by anyone charged with being in a position to guide his judgment. There is nothing tending to show that anything was said or done, directly or indirectly, to control his wishes. The contestants rest their charge of undue influence altogether upon such circumstances as the following: That at the time of the execution of his will the testator was living in the house of his daughter, Sarah Quillin; that James E. Wood was authorized by his father to bring a lawyer to write his will, and that he brought his own lawyer and did not bring the lawyer who was then representing his father in a case, and who had represented him on former occasions; that the memorandum for the will was given to the lawyer at the residence of Sarah Quillin, and that James E. Wood was in the room a part of the time when the memorandum was being made; that James E. Wood and S. W. Wood were present in the lawyer's office a part of the time when the will was being read and executed; that James E. and S. W. Wood were named as executors and authorized to qualify as such without security; that the will was left in the office of the lawyer who wrote it, and remained with him until after the testator's death, a period of four years; that the will was read only once in an ordinary tone of voice, though the testator was deaf. (It should be observed in connection with this circumstance, that when the will was read the testator called attention to the omission of a provision for his burial expenses, and had it inserted.)

There may possibly be others, but the foregoing are sufficient to show the character of circumstances relied on. These circumstances, if true, fail to furnish the slightest evidence of undue influence over the testator in the making and execution of his will. They are entirely consistent with innocence and purity of purpose on the part of all who were connected with them, and furnish no sufficient ground for setting aside this will.

It appears that the testator gave equal shares of his property to his three sons, James E., Samuel W., and Isaac Wood, and

to his daughter, Sarah F. Quillin; that he gave a lesser share to his daughter, Mrs. Seely; and gave to his grandchildren, the descendants of two deceased sons, each a small legacy. It is apparent from the whole record that this unequal disposition by the testator of his property is the sole ground for the contention that the testator was unduly influenced, and the only basis for the verdict in this case. A jury, however, is not justified, and will not be sustained, in setting aside the expressed intention of a testator because, in its judgment, a more equitable disposition of his property could have been made.

We are of opinion that no proper verdict can be rendered for the contestants upon the evidence disclosed by the record before us.

The judgment complained of must be reversed, the verdict of the jury set aside, and the cause remanded for further proceedings not in conflict with the views expressed in this opinion.

*Reversed.*