CALLIE L. MARTIN, ET AL.

V.

LUCI GARDNER PHILLIPS, ET AL.

Record No. 850043

June 10, 1988

Present: All the Justices

524

*Trenton G. Crewe, Jr. (Stuart B. Campbell, Jr.; Robert J. Wishart; Diana L. Evans; Campbell, Young & Crewe; Wishart, Norris, Henninger & Pittman*, on briefs), for appellants.

*Thomas M. Jackson, Jr. (Joseph H. McGrady; Richard D. Rogers, Jr.; Wayne Hartke; Paul V. Hartke; McGrady & Jackson; Rogers & Anthony; Hartke & Hartke*, on briefs), for appellees.

STEPHENSON, J., delivered the opinion of the Court.

This is an appeal from a judgment that set aside four instruments on the ground that their execution resulted from undue influence. The appeal presents questions concerning the elements that give rise to a presumption of undue influence, the standard of proof required to establish those elements, and the burden placed upon the proponents of the instruments when the presumption arises.

Luci Gardner Phillips (Luci) instituted four chancery suits that are the subject of this appeal. The objects of these suits were (1) to impeach the will of Rufus L. Gardner, dated April 22, 1983, and admitted to probate in May 1983; (2) to set aside a deed from Gardner to Callie L. Martin, dated March 12, 1983; (3) to set aside a deed from Gardner to Shade M. Franklin and Mary E. Franklin (collectively, the Franklins), dated March 12, 1983; and (4) to set aside a lease from Gardner to the Franklins, dated March 15, 1983. In each suit, Luci alleged that Gardner lacked the mental capacity to execute the instruments and that the instruments were the result of undue influence on the part of Martin and the Franklins. By their answers, Martin and the Franklins

(collectively, the proponents or the defendants) denied the allegations. By leave of court, Daniel Gardner was added as a party complainant in each suit.

By agreement of all parties, the suits were consolidated for trial and submitted to the court without the intervention of a jury. Following an *ore tenus* hearing, the court found that Gardner had had the mental capacity to execute the instruments but that they were the result of undue influence. By a final order entered November 5, 1984, the court set aside and annulled the four instruments.

The proponents appeal from the trial court's judgment. They contend, *inter alia*, that "[t]he Court erred in holding that the facts in this case gave rise to a presumption of undue influence."

In its memorandum opinion, the trial court relied upon the three elements that give rise to a presumption of undue influence as set forth in *Culpepper* v. *Robie*, 155 Va. 64, 154 S.E. 687 (1930), and its progeny. The court determined that those elements, described below, had been "proven by a preponderance of the evidence," thereby giving rise to "a presumption of undue influence." The court opined that this presumption operated to shift to the proponents "the burden [to explain] and to show that they did not . . . unduly influence [Gardner], and that the instruments . . . are [Gardner's] will and deeds and not the will of another person."

A presumption is a rule of law that compels the fact finder to draw a certain conclusion or a certain inference from a given set of facts.[1] *See Simpson* v. *Simpson*, 162 Va. 621, 641-42, 175 S.E. 320, 329 (1934). The primary significance of a presumption is that it operates to shift to the opposing party the burden of producing evidence tending to rebut the presumption.[2] *See id.* No presumption, however, can operate to shift the ultimate burden of persuasion from the party upon whom it was originally cast. *Redford* v. *Booker*, 166 Va. 561, 569, 185 S.E. 879, 883 (1936).

---

[1] In contrast, an inference, sometimes loosely referred to as a presumption of fact, does not compel a specific conclusion. An inference merely applies to the rational potency or probative value of an evidentiary fact to which the fact finder may attach whatever force or weight it deems best. 9 J. Wigmore, *Evidence in Trials at Common Law* § 2491(1), at 304 (Chad. rev. 1981).

[2] An inference, on the other hand, does not invoke this procedural consequence of shifting the burden of production. *Id.*

We have recognized that, for procedural purposes, a presumption of undue influence may arise in cases involving wills and deeds. Generally, before a will or a deed can be set aside on the ground of undue influence, the evidence clearly and convincingly must show that the influence was "sufficient to destroy free agency on the part of the grantor or the testator; it must amount to coercion—practically duress." *Wood* v. *Wood*, 109 Va. 470, 472, 63 S.E. 994, 995 (1909).

Specifically, we have stated that, in the case of a will, a presumption of undue influence arises when three elements are established: (1) the testator was old when his will was executed; (2) he named a beneficiary who stood in a relationship of confidence or dependence; and (3) he previously had expressed an intention to make a contrary disposition of his property. *Culpepper*, 155 Va. at 88, 154 S.E. at 696. Similarly, in cases involving deeds, we have said that the undue influence presumption arises when three elements are established: (1) great weakness of mind of the grantor at the time the conveyance was executed; (2) the grantee stood in a confidential or fiduciary relationship to the grantor; and (3) gross inadequacy of consideration or suspicious circumstances. *See Nuckols* v. *Nuckols*, 228 Va. 25, 33-34, 320 S.E.2d 734, 738-39 (1984); *McGrue, Executrix* v. *Brownfield*, 202 Va. 418, 425-26, 117 S.E.2d 701, 707 (1961); *Fishburne and Wife* v. *Ferguson's Heirs*, 84 Va. 87, 111-13, 4 S.E. 575, 581-83 (1887).

Although the elements of the undue influence presumption in both contexts have been couched in rather sweeping language, the doctrine has been applied to a quite narrow set of circumstances. For example, in the case of a will, it is not sufficient to show only that the testator was "old" when his will was executed. Rather, the testator, at the time he executed his will, must be shown to have been suffering "physical feebleness or mental weakness" arising from age, infirmity, or some other cause. *Redford*, 166 Va. at 575, 185 S.E. at 885.

Of equal significance to the undue influence presumption is the requirement of a confidential or fiduciary relationship. One class of relationship giving rise to the presumption is the formal confidential or fiduciary relationship, such as attorney and client, *e.g.*, *Bruce's Ex'x.* v. *Bibb's Ex'x.*, 129 Va. 45, 49-51, 105 S.E. 570, 571-72 (1921), agent and principal, *e.g.*, *Triplett* v. *Woodward*, 98 Va. 187, 191-92, 35 S.E. 455, 456 (1900), and trustee and *cestui que* trust, *e.g.*, *Waddy* v. *Grimes*, 154 Va. 615, 647-49,

153 S.E. 807, 817 (1930). We also have recognized as confidential or fiduciary in nature less formal relationships, such as parent and child, *e.g., Hartman* v. *Strickler and Wife*, 82 Va. 225, 237-38 (1886), siblings, *e.g., Jackson* v. *Seymour*, 193 Va. 735, 740-41, 71 S.E.2d 181, 184-85 (1952), and caretaker and invalid, *e.g., Bibby* v. *Thomas*, 165 Va. 248, 252-53, 182 S.E. 226, 228 (1935); *Chappell* v. *Trent*, 90 Va. 849, 19 S.E. 314 (1893).

The broad *Culpepper* language appears to require only a showing of the existence of a confidential relationship. A close reading of our cases involving wills, however, reveals that in both formal and less formal fiduciary or confidential relationships, the relationship must be accompanied by activity on the part of the dominant person in procuring or preparing the will in his favor before a presumption of undue influence will arise. *E.g., Savage* v. *Nute*, 180 Va. 394, 403, 23 S.E.2d 133, 138 (1942); *Bibby*, 165 Va. at 252-53, 182 S.E. at 228; *see also Gill* v. *Gill*, 219 Va. 1101, 1106 n.3, 254 S.E.2d 122, 125 n.3 (1979). Similarly, in cases involving deeds, the finding of a confidential or fiduciary relationship was based upon facts showing that the grantor depended upon the grantee to transact his business, or to advise and counsel him in matters of a business nature involving a certain degree of trust. *Nuckols*, 228 Va. at 34, 320 S.E.2d at 739 (citing cases).

In sum, to raise a presumption of undue influence in the execution of a will, the evidence must show that (1) the testator was enfeebled in mind when the will was executed, (2) the requisite confidential or fiduciary relationship was accompanied by activity in procuring or preparing the favorable will, and (3) the testator previously had expressed a contrary intention to dispose of his property. Similarly, to raise a presumption of undue influence in the execution of a deed or lease, the evidence must show that (1) the grantor (lessor) had great weakness of mind when the document was executed, (2) the grantee (lessee) stood in a confidential or fiduciary relationship to the grantor (lessor), either in a formal relationship, or in a less formal relationship involving matters of a business nature, and (3) the consideration was grossly inadequate or the transaction occurred amidst "circumstances of suspicion," *Fishburne and Wife*, 84 Va. at 111, 4 S.E. at 582.

To raise a presumption of undue influence, each element must be established by clear and convincing evidence. *See*

*Nuckols*, 228 Va. at 37, 320 S.E.2d at 740. We have defined this standard as

> that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and *unequivocal*.

*Gifford* v. *Dennis*, 230 Va. 193, 198 n.1, 335 S.E.2d 371, 373 n.1 (1985) (quoting *Walker Agcy. & Aetna Cas. Co.* v. *Lucas*, 215 Va. 535, 540-41, 211 S.E.2d 88, 92 (1975)) (emphasis in original). Once the presumption of undue influence arises, the burden of producing evidence tending to rebut the presumption shifts to the opposing party. *See Redford*, 166 Va. at 585-86, 185 S.E. at 890.

In the present case, the proponents of the will concede that Gardner previously had expressed an intention to make a contrary disposition of his property.[3] Thus, this *Culpepper* element was established by clear and convincing evidence.

The proponents, however, contest the existence of the other two *Culpepper* elements: (1) that Gardner was enfeebled in mind, and (2) that they stood in a relationship of confidence or dependence to Gardner. No useful purpose would be served by a detailed recitation of the evidence; suffice it to say, however, that as to these elements, the evidence is in sharp conflict.[4]

A fact finder resolves the conflicts in the evidence, and ordinarily, we will not disturb its findings provided it has applied correct principles of law. In the present case, however, the fact finder employed the incorrect standard of proof, requiring that the *Culpepper* elements be proved by a mere "*preponderance* of the evidence." (Emphasis added.) Undue influence, a species of fraud, must be established by clear and convincing evidence. This higher standard of proof protects "the right of every man to dispose, at

---

[3] Prior to 1983, Gardner had made two wills. By a will executed in 1973, he named Luci and his three living sisters as his principal beneficiaries. In 1978, he executed another will devising his property to Luci and Hazel Robertson, a sister.

[4] Concerning the execution of the deeds and the lease, the trial court made no specific finding that Gardner suffered from "great weakness of mind" or that the consideration was grossly inadequate. The court merely applied the *Culpepper* elements, which, as previously noted, give rise to a presumption of undue influence only in the execution of a will.

his will and pleasure, of the property which it had been the labour of a life to acquire." *Boyd* v. *Cook*, 30 Va. (3 Leigh) 32, 51 (1831). Indeed, this right "brings to the old and helpless a consideration which might not otherwise always be extended to them, and should not be whittled away." *Tabb* v. *Willis*, 155 Va. 836, 862, 156 S.E. 556, 565 (1931).

In applying the *Culpepper* presumption, the trial court not only placed the burden on the proponents to show that they "did not . . . unduly influence" Gardner, but also required the proponents to show that "the instruments . . . are [Gardner's] will and deeds and not the will of another person." The last quoted language placed too heavy a burden on the proponents. In effect, it shifted the burden of persuasion from the plaintiffs, where that burden always remains, to the defendants. Once the undue influence presumption arises, however, it operates to shift to the proponents the burden of going forward with evidence tending to rebut the presumption.

In conclusion, we hold that the trial court erred (1) in employing the incorrect standard of proof to establish the elements that give rise to a presumption of undue influence, and (2) in applying the presumption so that the burden of persuasion, rather than the burden of production, was placed upon the proponents. Therefore, we will reverse the trial court's judgment and remand the case for further proceedings consistent with the views expressed herein.

*Reversed and remanded.*