## CIRCUIT COURT OF FAIRFAX COUNTY

National Union Fire Ins. Co.

v.

Roubin & Janeiro, Inc., et al.

September 1, 1994

Case No. (Law) 084752

BY JUDGE STANLEY P. KLEIN

This matter comes before the Court on a question of law initially raised in several Motions to Compel filed by both parties. In addition, consistent with the Court's request to limit the presentation of evidence to matters actually in dispute and to explore all reasonable avenues of settlement, the parties have requested that the Court rule on this issue of law at this time. Counsel for the parties have stipulated that they will not thereafter attempt to claim that the Court is issuing an advisory opinion. The procedural issue to be determined is the allocation of burdens of production and persuasion in this suit to recover unpaid retrospective insurance premiums and this counterclaim to recover excess premiums paid. In order to facilitate settlement discussions and to streamline the presentation of evidence in a case which may otherwise take over a month to try, the Court will make an initial ruling at this time, subject to modification, if appropriate, after the presentation of the evidence at trial.

### I. Factual Background

The named Defendants, G&C Construction Corp. and Roubin & Janeiro, Inc. (collectively referred to as "Roubin"), are involved in the construction industry. The parties to this case entered into three retention agreements. These agreements served to modify over twenty insurance

policies[1] issued from the Plaintiff National Union Fire Insurance Company to Roubin, as well as to other corporate entities. The practical effect of the three retention agreements was to transform the fixed premium insurance policies into policies whose ultimate premiums were contingent on the actual loss experience of the insured.[2] Plaintiff claims that additional premiums are due and owing to it because actual losses experienced exceeded the predicted losses of the insureds. Counter-claimants claim that the actual losses experienced were less than the projected losses calculated in the premium deposits, and therefore, the insureds are entitled to a refund.

The Court has considered the parties' written and oral arguments and the authorities cited therein. For the reasons hereinafter set forth, the Court adopts with minor modification the Court of Appeals of Maryland approach in *Port East Transfer, Inc. v. Liberty Mutual Ins. Co.*, 624 A.2d 520 (Md. 1993) ("Louisiana Approach").

## II. *Analysis*

The Supreme Court of Virginia has not ruled on the specific issues of the allocations of burdens of production and persuasion under these factual circumstances. However, appellate courts in several jurisdictions have confronted the issue, and two divergent approaches have emerged. Compare *Port East* citing *Insurance Co. of No. Am. v. Binnings Const. Co.*, 288 So. 2d 359 (La. App. 1974), with *Transit Gas Co. v. Topeka Transp. Co.*, 663 P.2d 308 (Kansas 1983).

National Union argues that Roubin should bear the burden of proving bad faith settlements of the relevant claims by a clear and convincing standard of proof. Roubin counters that National Union should shoulder the burden of proof of establishing good faith, reasonable settlements for each of the claim files at issue in its case in chief. *See e.g., Transport Indemnity Co. v. Dahlen Transport, Inc.*, 161 N.W.2d 546 (Minn. 1968). At a minimum, Roubin argues that National Union should bear the ultimate burden of persuasion on the issue of the reasonableness of the relevant settlements.

Plaintiff relies on *State Farm Mutual Auto. Ins. v. Floyd*, 235 Va. 136, 144 (1988), for two propositions, first, that there is a presumption in Vir-

---

[1] The types of insurance policies include workers' compensation, general liability, and business automobile insurance coverage.

[2] Other factors not germane to this ruling also affect the final premium.

ginia that parties act in good faith, and second, that "bad faith" settlements of claims must be established by clear and convincing evidence. *State Farm* and the principal authority relied on by the Supreme Court in that opinion, *Aetna v. Price*, 206 Va. 749 (1966), involved insurers' alleged failures to settle within policy limits, not an insured's failure to pay unpaid retrospectively adjusted premiums. The *State Farm* opinion expressly limited its holding to its particular facts. *Id.* at 143-144 ("bad faith must be proved by clear and convincing evidence *in cases of this kind.*") To apply this stringent standard to a defendant under these factual circumstances could operate to effectively preclude an insured, the party with the least amount of access to the important and relevant documentation regarding the claims questioned, from properly defending itself. National Union cites no direct authority for such a sweeping proposition. The excess judgment cases relied on by National Union are clearly distinguishable from the factual circumstances in this case. While the Court accepts the proposition that parties are presumed to act in good faith under Virginia law, this Court expressly declines to extend *State Farm*'s holding to the extent that it suggests that a clear and convincing standard is the appropriate standard of proof in these retrospective adjustments to insurance premiums cases.

This Court finds the Louisiana Approach to allocating the burdens of proof in these actions persuasive. This approach accommodates two important policy considerations. First, the burden of production is initially placed on the defendant insured to make a reasoned decision as to which claims it legitimately questions. As a result, needless extended litigation over claims which are not seriously in dispute is avoided. *See Port East Transfer* at 524; *Binnings Const., Inc.*, at 362. Second, the ultimate burden of persuasion rests with the insurer, both the plaintiff and the party with superior access to information sufficient to establish the elements of its case.

When the court weighs these policies against the policies analyzed in the appellate court cases from the other jurisdictions cited by counsel,[3] this Court rules that the plaintiff, in its case in chief, need only introduce evidence of the sums paid out in settlements during the relevant time period(s) in order to sustain its burden of production and/or proof on the

---

[3] These appellate court decisions from Maryland, Minnesota, Massachusetts, Kansas, Illinois, Louisiana, and Delaware are all cited in the Maryland Court of Appeals opinion in *Port East Transfer, Inc. v. Liberty Mut. Ins. Co., supra.*

loss history issue. Once National Union has proved payment of settlements, it is entitled to a presumption that it has exercised good faith in making each of those settlements pursuant to the Supreme Court's holding in *State Farm Mutual v. Floyd*. The burden of production would then shift to Roubin to produce evidence to rebut the presumption. This evidence, and any reasonable inferences that flow therefrom, must be sufficient, absent evidence to the contrary, to prove by a preponderance of the evidence that National Union did not effect a particular settlement in good faith.[4] If Roubin satisfies this burden of production as to any settlement, then National Union would have the burden of presenting evidence of the reasonableness of that settlement and, consistent with the approaches of each of the appellate courts which have addressed this issue, would have the ultimate burden of persuasion by a preponderance of the evidence.

This allocation of the burden of production and persuasion affords National Union the presumption of good faith required by *State Farm*. However, a presumption under Virginia law cannot operate to shift the ultimate burden of persuasion from the party for whom it was originally cast. See *Martin v. Phillips*, 235 Va. 523, 530 (1988); *Redford v. Booker*, 166 Va. 561, 569 (1936). As National Union has brought this action alleging breach of contract, it as plaintiff clearly has the ultimate burden of persuasion on the claims alleged in its Motion for Judgment.

---

[4] The defendants argue that failure to properly investigate a claim before settlement should also relieve them of their responsibility to repay the amount of that settlement. The Court cannot decide that issue until it hears the evidence, but it would appear that failure to make appropriate investigation could be evidence of lack of good faith on behalf of the plaintiff. National Union's failure to properly obtain and maintain documentation in its claim file may, under certain circumstances, be sufficient evidence of bad faith to sustain its burden of production.