## CIRCUIT COURT OF SHENANDOAH COUNTY

Claire Tayman Parker

v.

Glenn Roy Griffin

April 20, 2001

Case No. (Chancery) CH00-79

BY JUDGE DENNIS L. HUPP

Claire Tayman Parker brings this suit to set aside a conveyance of real estate from Garnet M. Myers, her mother, to Theola M. Griffin (now deceased) and Glenn R. Griffin (Griffin), alleging that the grantor lacked mental capacity at the time of the conveyance and that the grantees used undue influence to obtain this conveyance. Parker further contends that Myers' incompetency continued until her death. Griffin pleads the statute of limitations. Counsel have submitted written memoranda and made oral arguments on the statute of limitations, and I am now prepared to rule.

The subject conveyance was made by deed dated July 5, 1984, and recorded in the Clerk's Office of this Court on July 12, 1984, in Deed Book 473, page 155. Myers subsequently died on January 14, 1992. The present suit was filed on March 27, 2000.

Griffin argues that this case involves fraud and that the statute of limitations is two years from the time the cause of action accrued, citing Virginia Code § 8.01-243(A). He further cites Virginia Code § 8.01-249 which provides that the cause of action for fraud or mistake or for a rescission of contract for undue influence arises when the fraud, mistake, or undue influence is discovered or should have been discovered by the exercise of due diligence. Griffin contends that the cause of action accrued upon recordation of the deed which gave notice to all the world that this conveyance had been made. Even allowing for the tolling of the statute of limitations by reason of Myers' incompetency, Griffin argues that the statute of limitations ran two

years after her death or, in the alternative, five years after her death under Virginia Code § 8.01-246(2).

Parker contends that this suit is really one for recovery of real estate and that, therefore, the limitations period provided in Virginia Code § 8.01-236 applies. She further contends that the statute of limitations was tolled during Myers' life because of her incompetency, and that, for this reason, the fifteen-year limitations period began to run at her death. In that event, this suit was timely filed.

I have had difficulty accepting Parker's argument that this is a suit to recover real estate even though that may be the ultimate goal. I believe that Virginia Code § 8.01-236, which establishes a fifteen-year limitations period for actions to recover any land, applies to actions for ejectment and suits to quiet title by adverse possession. In support of the latter is *Creekmur v. Creekmur*, 75 Va. 430 (1881). (This is so well-settled that perhaps no citation is necessary.) In support of the former, I note that Michie's Jurisprudence simply states that "the period of limitation for an action of ejectment for the recovery of real estate is fifteen years," citing Virginia Code § 8.01-236. (Emphasis added.) 12A M.J., *Limitation of Actions*, § 8 (1989).

If we adopt the view that this suit is one to recover real estate, as contemplated under Virginia Code § 8.01-236, rather than a suit to rescind a transaction or contract, we may establish an unfair and indefensible distinction between the parties. Are we prepared to allow a seller/grantor fifteen years in which to bring this type of suit, since he is ultimately seeking to "recover" real estate, but afford a buyer/grantee a different limitations period because his suit is not one to "recover" real estate, but rather to cede same?

I view the present suit as one in equity (having been filed on the chancery side) to rescind a transaction or contract and not an action for ejectment which would be an action at law. See Article 14, Chapter 3 of Title 8.01 of the Virginia Code (Sections 8.01-131 *et seq.*). From the arguments and proffers made by counsel, there are indicia of a contract in that there was a conveyance of real estate in return for a promissory note. While, Parker alleges a failure of consideration either as an independent ground for rescission or in support of her claims of mental incapacity and undue influence, she does not dispute that a promissory note was made.

If the contract in this case was void, perhaps an action for ejectment would lie, since Parker would claim superior title to Griffin by reason of the void conveyance which would be treated as having not occurred at all. This conveyance pursuant to contract was voidable, however, rather than void. See 17A Am. Jur. 2d, *Contracts*, § 7 (1991). As such, some action must be taken

to avoid the legal relations arising under that contract. *Id.* That is the purpose of this suit.

I turn then to the following question. Is there a statute of limitations applicable to the circumstances presented here, and, if so, what is the limitations period?

General statutes of limitations do not apply to chancery courts when dealing with matters exclusively cognizable in equity. 12A M.J., *Limitation of Actions*, § 7 (1989). In accord, see Revisors' Note under Virginia Code § 8.01-228. Rescission is an equitable remedy. (While this statement may also need no citation of authority, I make reference to Costello, *Virginia Remedies*, 2d ed., § 11-1 *et seq.* (1999).) In enacting various statutes of limitations and compiling them in Chapter 4 of Title 8.01 of the Virginia Code, the General Assembly has used the term "action" almost exclusively. Historically, the term "action" referred to a proceeding at law, and the term "suit" applied to a proceeding in equity. This distinction has been blurred in Title 8.01 wherein it is specifically provided that the two terms "may be used interchangeably and shall include all civil proceedings whether at law, in equity, or statutory in nature." Virginia Code § 8.01-2. In line with this, Virginia Code § 8.01-249 defines when a cause of action accrues in "actions for rescission of contract for undue influence." (Emphasis added.)

Claims of lack of mental capacity and undue influence are cognizable at law as well as in equity. The lack of mental capacity on the part of a party to a contract renders that contract voidable, and restitution may be sought under appropriate circumstances when a voidable contract is set aside. Restitution may be recovered at law or in equity. Costello, *Virginia Remedies*, 2d ed., § 12-1 *et seq.* (1999). While "undue influence" is not actual fraud in that it does not involve misrepresentation, it is a species of fraud. *Jarvis v. Tonkin*, 238 Va. 115, 380 S.E.2d 900 (1999); *Martin v. Phillips*, 235 Va. 523, 369 S.E.2d 397 (1988); *Pace v. Richmond*, 231 Va. 216, 343 S.E.2d 59 (1986); *Thornton v. Thornton's Ex'rs*, 141 Va. 232, 126 S.E. 69 (1925). As such, it is actionable at law. Where the chancery court enforces a right cognizable at law, equity follows the law and will apply such statute of limitations as may exist. *Sanford v. Sims*, 192 Va. 644, 66 S.E.2d 495 (1951).

I reject Griffin's contention that the two-year limitations period under Virginia Code § 8.01-243(A) applies. By its very language, that subsection applies to actions "for damages resulting from fraud," and this case is not one for damages but for rescission.

To the extent that Parker seeks to rescind this contract for failure of consideration, the applicable statute of limitations is five years, under Virginia Code § 8.01-246(2). *Marriott v. Harris*, 235 Va. 199, 368 S.E.2d 225 (1988).

I also note that Virginia Code § 8.01-253 provides that "[n]o gift, conveyance, assignment, transfer, or charge, which is not on consideration deemed valuable in law . . . shall be avoided in whole or in part for that cause only, unless within five years from its recordation . . . suit be brought for that purpose."

In *Marriott v. Harris*, three cases were combined for decision, and in the one styled *Gage v. Harris*, the trial court ruled that the purchasers were entitled to rescind their contracts by reason of failure of consideration in that the sellers did not install roads, water lines, and sewage facilities as agreed. The defendant had pleaded the statute of limitations, and, in addressing this issue, the Virginia Supreme Court stated that the case involved "a suit in equity upon written contracts, seeking alternative relief in the form of rescission on the ground of substantial failure of consideration or damages for breach of contract" and that "for this type of proceeding, the statute of limitations in Virginia is five years," citing Virginia Code § 8.01-246(2). It seems to me that the Virginia Supreme Court, in holding that the five-year statute of limitations applied to "this type of proceeding" was referring to suits for rescission of contracts generally and not specifically suits for rescission based on failure of consideration. Accordingly, I find that the statute of limitations which applies to the present case is five years under Virginia Code § 8.01-246(2). Even assuming that the statute of limitations was tolled because of Myers' incompetency until her death in 1992, the limitations period would have run before this suit was filed in the year 2000. Accordingly, I sustain Griffin's plea of the statute of limitations.