# VIRGINIA:

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Thursday the 7th day of December, 2017.*

Lili Kim,                                                             Appellant,

against          Record No. 161505
                     Circuit Court Nos. CL-2015-13844, CL-2015-15965
                               and FI-2015-1814

Seung Chong Brian Kim, et al.,                                   Appellees.

                                          Upon an appeal from an order
                                      entered by the Circuit Court of Fairfax
                                      County.

Upon consideration of the record, briefs, and argument of counsel, the Court is of opinion that the order of the circuit court should be affirmed.

## I.

Woojhong Scott Kim (hereinafter "Scott") executed two testamentary documents, the Last Will and Testament of Woojhong Scott Kim (the "Will") and the Woojhong Scott Kim Revocable Trust Agreement (the "Trust"), eight days before his death while undergoing treatment for end-stage lymphoma at Johns Hopkins Hospital. Both the Will and the Trust were drafted by Seung Chong Brian Kim ("Brian"), Scott's brother and a licensed attorney. The Will and the Trust were drafted contemporaneously with the purpose of directing the disposition of Scott's assets after death. The Will pours over Scott's probate assets into the Trust and names Brian as the executor of Scott's estate.[1] The Trust appoints Brian as the successor trustee upon Scott's death.

---

[1] The Will gives the executor the option to distribute amounts directly to a beneficiary if such amounts are to be immediately distributed to the beneficiary under the terms of the Trust.

Brian is not a legatee under the Will and is not designated to receive a distribution of property or other interest under the Trust,[2] though he is allowed compensation in his capacities as trustee and executor.

Scott's wife, Lili Kim ("Lili"), filed a complaint in the Circuit Court of Fairfax County averring, among other claims, that the Trust was the product of Brian's undue influence over Scott (henceforth the "Complaint Claim"). In the Complaint Claim, Lili seeks to void the Trust based on a theory of presumed undue influence.[3] In particular, she alleges that "[s]uspicious circumstances existed surrounding the execution" of the Trust and that at the time the Trust was executed Scott was "enfeebled in mind and body," as his course of treatment entailed "morphine, oxycodone and other palliative care measures, including chemotherapy that rendered him unconscious and unaware of his surroundings," and "entirely dependent on others for assistance with his care." She further asserts that "[i]n addition to the suspicious circumstances surrounding the execution" of the Trust, "Brian stood in a fiduciary and confidential relationship" to Scott, in that Scott "frequently relied upon Brian" for legal and business advice associated with his personal and business affairs. Lili contends that prior to execution of the Trust, Scott had no estate planning documents in place, that Brian used his position to procure

---

[2] The relevant provisions of the Trust direct Brian to distribute Scott's tangible and real property and Scott's interests in three businesses. Specifically, Article Sixth of the Trust provides that after Scott's death, Scott's tangible personal property is to be distributed as Brian directs in his sole discretion. Article Seventh states that certain real property is to be distributed to Scott's wife, Lili Kim, as well as to Scott's father and step-daughter. Article Seventh also directs Brian to distribute all of Scott's interest in K&K Floors Maryland, Inc., or the proceeds of the sale of such interest, to Lili. With regard to "One Hundred Twenty Seven (127) units of Amerikor LLC, and Fifty percent (50%) of the Grantor's interest in and to Chantilly Floor Wholesaler, Inc., . . . or any sale proceeds from the sale of the Grantor's interest in Chantilly Inc.," Article Seventh directs Brian to distribute at least 60% to one or more designated family members (two of whom are Brian's children) and 40% to persons or entities selected by Brian. The Trust provides that Brian "shall not be able to distribute any of the proceeds to himself." Pursuant to Article Eighth, the balance of the Trust property, including Scott's remaining interests in Amerikor LLC and Chantilly Floor Wholesaler, Inc. are to be divided into equal shares for the benefit of Scott's children.

[3] Lili states on brief that she "seeks to void the Trust and the Will on the grounds that the documents were executed (a) at a time when Scott suffered great weakness of mind and under circumstances of suspicion, and/or (b) through the abuse of a confidential relationship between Scott and Brian Kim (as attorney and draftsman)."

the Trust, and that the Trust "expresses an intention to make a disposition of [Scott's] property contrary to his previously expressed desires."

Brian separately filed a complaint in the Circuit Court of Fairfax County seeking to establish the Will as the true last will and testament of Scott, to terminate Lili's previous appointment as administrator of Scott's estate and qualify Brian as executor, and to enjoin Lili from interfering with management of Scott's estate. In response to Brian's suit, Lili filed a counterclaim (henceforth the "Counterclaim") asserting that Scott executed the Will under Brian's undue influence and that the Will is, therefore, void. The allegations in the Counterclaim mirror those in the Complaint Claim.

Brian subsequently filed a combined demurrer and plea in bar to the Counterclaim. Brian argued, among other points, that the Counterclaim did not allege that he was a beneficiary of either the Will or Trust and that the documents themselves showed that he was not a beneficiary of the Will or Trust. The circuit court sustained the plea in bar on those grounds and found the demurrer and all other issues raised by Lili's Counterclaim moot. The circuit court dismissed the Counterclaim with prejudice, ruling that "Lili could not change the Will or the Trust, and thus amendment of her pleadings would be futile." Thereafter, Brian filed a motion for summary judgment seeking dismissal of Lili's Complaint Claim, which the circuit court granted.[4]

## II.

Lili argues the circuit court erred in dismissing her claims of undue influence on the basis that Brian was not a beneficiary because Brian derived a potential benefit from the Will and Trust due to the discretion he was given, as trustee, to make distributions of Trust property and the compensation to which he was entitled for performance of his duties as executor and trustee.

---

[4] In its order granting summary judgment, the circuit court approved and adopted a statement of facts tendered by the parties for use in connection with an interlocutory appeal and identified the question of law submitted to this Court pursuant to Code § 8.01-670.1 as "whether a direct benefit is a necessary element of the cause of action for undue influence, whether brought as an attack based upon confidential relationship and self-dealing, or based upon weakness (or enfeebled) in mind and suspicious circumstances."

3

Lili's claims are premised on a theory of presumed undue influence based on allegations of circumstantial facts.[5] In the context of testamentary documents, a presumption of undue influence arises upon proof of the following elements: (1) the testator was enfeebled in mind when the testamentary document was executed; (2) the testator *named a beneficiary* who stood in a relationship of confidence or dependence; and (3) the testator previously had expressed an intention to make a contrary disposition of the testator's property. *See, e.g., Weedon v. Weedon*, 283 Va. 241, 255, 720 S.E.2d 552, 559 (2012); *Parish v. Parish*, 281 Va. 191, 202, 704 S.E.2d 99, 105-06 (2011); *Martin v. Phillips*, 235 Va. 523, 527-28, 369 S.E.2d 397, 399-400 (1988).[6] The existence of a confidential relationship is insufficient, alone, to establish the second element; it "must be accompanied by activity on the part of the dominant person *in procuring or preparing the will in his favor* before a presumption of undue influence will arise." *Martin*, 235 Va. at 528, 369 S.E.2d at 400 (emphasis added).

Lili does not allege in her pleadings that Scott named Brian as a beneficiary in his Will or Trust or that Brian procured or prepared the Will or Trust in his favor. The Will does not, in fact, name Brian as a beneficiary and the Trust does not expressly provide for Brian to receive a distribution of any share of Trust property. Neither Brian's entitlement to compensation as executor and trustee, nor his power as trustee to choose beneficiaries of certain Trust property make him a beneficiary of the Will or Trust. Lili argues that Brian could potentially derive a benefit if he "diverted and distributed" Trust property to himself or exercised his power as trustee to choose one or both of his children to receive a distribution under Article Seventh of the

---

[5] Because "[d]irect proof of undue influence is often difficult to prove," *Parfitt v. Parfitt*, 277 Va. 333, 339, 672 S.E.2d 827 (2009), evidence to establish undue influence is generally circumstantial. We have previously identified situations that may give rise to a presumption of undue influence, in the absence of direct proof. *See, e.g., Gelber v. Glock*, 293 Va. 497, 525, 800 S.E.2d 800, 815-16 (2017) (setting forth requirements to raise a presumption of undue influence in actions to set aside a deed or contract); *Weedon v. Weedon*, 283 Va. 241, 255, 720 S.E.2d 552, 559 (2012) (setting forth requirements to raise a presumption of undue influence in actions to set aside a will). A party invoking a presumption of undue influence must plead sufficient allegations to support the presumption. *See Ayers v. Shaffer*, 286 Va. 212, 226, 748 S.E.2d 83, 91 (2013).

[6] In *Friendly Ice Cream Corp. v. Beckner*, 268 Va. 23, 33, 597 S.E.2d 34, 39 (2004), we overruled *Martin* in part with respect to the standards governing undue influence in the execution of deeds and contracts passing present interests. *See Parish*, 281 Va. at 202 n.7, 704 S.E.2d at 106 n.7.

Trust. Such an uncertain and contingent possibility of some future benefit does not confer beneficiary status upon Brian for the purpose of establishing a presumption of undue influence.[7]

For the foregoing reasons, we hold that the circuit court did not err in dismissing, with prejudice, Lili's claims of undue influence.[8] Accordingly, the order of the circuit court is affirmed.

This order shall be certified to the said circuit court and shall be published in the Virginia Reports.

A Copy,

Teste:

*Pat L Harrington*

Patricia L. Harrington, Clerk

---

[7] *Cf. Carter v. Williams*, 246 Va. 53, 59, 431 S.E.2d 297, 300 (1993) (where drafter of will named his wife as the primary beneficiary of testator's estate, the drafter became immediate indirect beneficiary upon death of testator for purposes of establishing presumption of fraud).

[8] A party who is unable to satisfy the elements necessary to invoke a presumption of undue influence may, of course, still seek to assert a claim of actual undue influence, without the benefit of a presumption. In this case, however, Lili did not request leave to amend her pleadings to assert a claim of actual undue influence and did not assign error to the circuit court's ruling that amendment of her pleadings would be futile. To the contrary, Lili consistently maintained that her claims are premised on a theory of presumed undue influence.