COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Malveaux, Raphael and Frucci


JOHN MICHAEL WOLFE

                                      MEMORANDUM OPINION[*]

v.      Record No. 1086-23-4                        PER CURIAM
                                                    JUNE 18, 2024

PATRICK R. WOOLLEY, ET AL.


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Dennis L. Hupp, Judge Designate

(John Michael Wolfe, on brief), *pro se*.

(Jesse D. Stein; Selzer Gurvitch Rabin Wertheimer & Polott, PC, on
brief), for appellee Patrick R. Woolley.

No brief or argument for appellees Shulan Jiang and David L.
Duff.


John Michael Wolfe petitioned the circuit court to proceed in forma pauperis on his

complaint. The circuit court denied his petition, and it later dismissed his complaint as a

"nullity" after he failed to pay the requisite filing fee. On appeal, Wolfe contends that the circuit

court erred by denying his petition, claiming it "failed to properly consider" his financial

circumstances. Upon examination, the panel unanimously holds that oral argument is unnecessary

because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). Thus,

finding no error, we affirm the circuit court's judgment.

BACKGROUND

Wolfe filed a complaint against Patrick Woolley, Shulan Jiang, and David L. Duff. He also

filed a form petition to proceed on his complaint in forma pauperis (the "IFP petition"). The IFP

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

petition stated that Wolfe was financially responsible for a four-member household, earned $1,000 per "[p]ay period," received additional income in the amount of $1,508 for child support, had liquid assets in the amount of $125, and had "unusual and continuing" medical expenses totaling $1,000. The IFP petition did not identify whether Wolfe's income and expenses were calculated on a monthly, annual, or other basis.[1]  On April 27, 2023, the circuit court denied the IFP petition without explanation.[2]

On May 25, 2023, the circuit court entered a final order finding that it had previously denied Wolfe's IFP petition and that Wolfe had failed to pay the requisite filing fee. Consequently, the circuit court held that Wolfe's complaint was "a nullity" and that all other issues in the case were moot. Wolfe subsequently moved the circuit court to reconsider its denial of the IFP petition and noted his appeal to this Court. The circuit court entered an order denying Wolfe's motion for reconsideration on June 27, 2023.

ANALYSIS

Wolfe asserts that the circuit court erred by denying the IFP petition given his financial circumstances.[3]  We review the circuit court's decision to deny the IFP petition for an abuse of discretion. *See* Code § 17.1-606(A) (providing that a plaintiff in a civil action "*may* be allowed by a

---

[1] Notably, the IFP petition form does include a blank space for the petitioner to identify his or her pay period frequency, but Wolfe did not fill it out.

[2] The record does not indicate that the circuit court held a hearing on the IFP petition.

[3] In a separate assignment of error, Wolfe asserts that the circuit court further erred by denying his motion for reconsideration. The record demonstrates that the circuit court ruled on Wolfe's motion thirty-three days after it entered its final order. "All final judgments . . . remain under the control of the trial court and may be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." Rule 1:1(a). Since the circuit court lost jurisdiction over the case on June 15, 2023, its order denying Wolfe's motion for reconsideration on June 27, 2023, is a nullity. *See Bailey v. Commonwealth*, 73 Va. App. 250, 263-64 (2021) (stating "circuit court decisions memorialized in orders entered after the loss of jurisdiction are nullities"). Therefore, we do not consider Wolfe's assignment of error challenging that order.

court to sue . . . without paying fees or costs" (emphasis added)). A circuit court may abuse "its discretion by making an error of law, ignoring 'a relevant factor that should have been given significant weight,' 'giving significant weight to an irrelevant or improper factor,' or 'committing a clear error of judgment, even while weighing "all proper factors."'" *Brandon v. Coffey*, 77 Va. App. 628, 635 (2023) (quoting *Davenport v. Util. Trailer Mfg. Co.*, 74 Va. App. 181, 206 (2022)). However, an "abuse of discretion occurs 'only "when reasonable jurists could not differ"' as to the proper decision." *Carrithers v. Harrah*, 63 Va. App. 641, 653 (2014) (quoting *Brandau v. Brandau*, 52 Va. App. 632, 641 (2008)). The abuse of discretion standard "necessarily implies that, for some decisions, conscientious jurists could reach different conclusions based on exactly the same facts—yet still remain entirely reasonable[.]" *Wynnycky v. Kozel*, 71 Va. App. 177, 193 (2019) (alteration in original) (quoting *Hamad v. Hamad*, 61 Va. App. 593, 607 (2013)).

Under Code § 17.1-606(A), a plaintiff in a civil action who is a resident of the Commonwealth "may be allowed by a court to sue . . . without paying fees or costs" if he is "on account of his poverty unable to pay fees or costs." A person who receives public assistance for the indigent is presumptively unable to pay.[4] Code § 17.1-606(B). When that presumption does not apply, the court "shall consider" (1) the person's "net income," (2) his "liquid assets," and (3) "exceptional expenses" of his family, including "medical care." Code § 17.1-606(C). "The available funds of the person shall be calculated as the sum of his total income and liquid assets less exceptional expenses." *Id.* "If the available funds are equal to or less than 125 percent of the federal poverty income guidelines prescribed for the size of the household of such person by the federal Department of Health and Human Services, he shall be presumed unable to pay." *Id.* Relevant to this case, the annual income for a four-member household in Virginia under the 2023

_____

[4] Code § 17.1-606(B) provides for other circumstances in which a litigant will be presumed to be unable to pay fees or costs, though they are not applicable to the facts of this appeal.

federal poverty income guidelines is $30,000. *Ann. Update of the HHS Poverty Guidelines*, 88 Fed. Reg. 3424, 3424 (Jan. 19, 2023). Therefore, the statutory presumption would apply to Wolfe if his petition demonstrated that he did not have available funds of at least $37,500, being 125 percent of the federal annual income amount (the "poverty guidelines").

"A presumption is a rule of law that compels the fact finder to draw a certain conclusion or a certain inference from a given set of facts." *Parson v. Miller*, 296 Va. 509, 524 (2018) (quoting *Martin v. Phillips*, 235 Va. 523, 526 (1988)). "[W]here the facts which are required to give rise to the presumption are proven, the presumption must be applied (the presumed fact must be assumed to have been proven) until evidence sufficient to overcome the presumption and prove the contrary shall have been introduced." *Kiddell v. Labowitz*, 284 Va. 611, 622 (2012) (quoting *Simpson v. Simpson*, 162 Va. 621, 642 (1934)). "The primary significance of a presumption is that it operates to shift to the opposing party the burden of producing evidence tending to rebut the presumption." *Id.* (quoting *Martin*, 235 Va. at 526).

In this case, the record does not reflect that the circuit court held a hearing on the IFP petition, and the circuit court did not explain why it denied the IFP petition.[5] In looking at the IFP petition, it stated that Wolfe had a total income of $2,508, was financially responsible for a four-member household, had $125 in liquid assets, and had $1,000 of "unusual and continuing" medical expenses. The IFP petition, however, does not identify whether Wolfe's income and expenses were calculated on a weekly, monthly, annual, or other basis. Wolfe's failure in the IFP petition to identify the frequency at which he received the income and incurred the expenses listed thus creates multiple possible values for his "available funds." While each are plausible on the face

---

[5] Wolfe does not claim that the circuit court erred by ruling on the IFP petition without a hearing or explaining the basis of its denial. Additionally, "[a]bsent a statutory requirement to do so, 'a [circuit] court is not required to give findings of fact and conclusions of law.'" *Bowman v. Commonwealth*, 290 Va. 492, 500 n.8 (2015) (quoting *Fitzgerald v. Commonwealth*, 223 Va. 615, 627 (1982)).

of the IFP petition, not all would entitle Wolfe to the statutory presumption.[6]  Given these circumstances, we cannot say that "'reasonable jurists could not differ' as to the proper decision." *Carrithers*, 63 Va. App. at 653 (quoting *Brandau*, 52 Va. App. at 641).  Accordingly, the circuit court did not abuse its discretion by denying the IFP petition, and we thus affirm the circuit court's judgment.

CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*

---

[6] For example, based on the face of the IPF petition, it would be plausible to conclude that Wolfe received his income weekly or every other week.  His available funds under those scenarios would exceed the $37,500 poverty guidelines threshold and he would not presumptively be unable to pay the fees.